Virginia BURD, as Guardian, etc., et al.,
Plaintiffs,

v.

COMPAGNIE GENERALE TRANSAT-
LANTIQUE, also known as French
Line, et al., Defendants.

Civ. No. 17690.

United States District Court
E. D. New York.

Dec. 10, 1957.

Silas B. Axtell, New York City, for plaintiffs.

Foley, James & Conran, New York City, by Milton James, New York City, for defendants.

RAYFIEL, Judge.

The defendant, Compagnie Generale Transatlantique, hereinafter called the French Line, moves, before answer, pursuant to Rules 12(b) and 56 of the Federal Rules of Civil Procedure, 28 U.S. C.A., to dismiss the complaint on the ground that none of the causes of action set forth therein states a claim upon which relief can be granted.

The complaint, a copy of which is attached to the moving papers, sets forth three causes of action on behalf of the infant plaintiff, Richard A. Burd, for personal injuries sustained by him when bitten by a dog, while he was a passenger aboard the French Line's vessel, the Ile de France, on May 25, 1954, and one cause of action, by the plaintiff, Virginia Burd, his mother, for medical expenses and loss of services.

The moving papers allege, and the plaintiffs do not deny, that the action was commenced in the Supreme Court of the State of New York, County of Nassau, by the service on the defendant, French Line, on May 22, 1957, of the verified complaint, and on May 23, 1957, of the summons without notice; that the action was then removed to this Court by the defendant, French Line, on June 7, 1957; that, although the complaint, verified May 22, 1957, alleges that an order was made prior thereto appointing Virginia Burd Guardian Ad Litem for her son, the order appointing her was actually signed by Hon. Cortland A. Johnson, a Justice of the Supreme Court of the State of New York on *May 28, 1957.*

French Line contends that the claims alleged in the complaint are barred by the passage of time, and points out that the plaintiff, Richard Burd, was traveling pursuant to a passage contract which contained the following provision: "Notice of Claims and Limitation of Time For Such Notice and For Suit Thereon. The Carrier shall not be liable for any claim whatsoever (including claims for bodily injuries or death) of, or with respect to, a passenger or his baggage, or personal property, unless a written claim therefor is lodged with the purser, prior to the passenger's leaving the steamer, provided that the passenger then knows that such a claim exists or may exist, and in any event unless such claim is made in writing and lodged with the Carrier at 610 — 5th Avenue, New York, N. Y., U. S. A., or 6 Rue Auber, Paris, France, within fifteen (15) days after the passenger leaves the steamer, or in the event of the passenger's death while on the voyage, unless such claim is so made and lodged within forty-five (45) days after the passenger's death; and the failure to make and lodge claim as above provided shall bar all suits, actions and claims no matter by whom instituted or made. Suits and actions to recover for claims shall not be maintainable unless instituted within four months of the date of their accrual, or the termination of the voyage, whichever shall first occur, except that suits and actions to recover for the bodily injury or death of passengers shall not be maintainable unless instituted within one year from the day when the death or bodily injury occurred; these limitations shall be applicable although the Carrier be a non-resident or foreign corporation. The requirements of this clause cannot be waived by an agent or employee of the Carrier; they may be waived only by express written agreement of a director of the Carrier having authority in the premises. In any case where the time fixed in this ticket for filing claim is less than allowed by law, such time is hereby extended so as not to exceed the minimum lawful time."

French Line further contends that the said provision in the passage contract is a valid limitation of time pursuant to Section 183b of Title 46, U.S.Code Annotated, which reads as follows: "*Stipulations limiting time for filing claims and commencing suit* (a) it shall be unlawful for the manager, agent, master, or owner of any sea-going vessel (other than tugs, barges, fishing vessels and their tenders) transporting passengers or merchandise or property from or between ports of the United States and foreign ports to provide by rule, contract, regulation, or otherwise a shorter period for giving notice of, or filing claims for loss of life or bodily injury, than six months, and for the institution of suits on such claims, than one year, such period for institution of suits to be computed from the day when the death or injury occurred. * * * (c) If a person who is entitled to recover on any such claim is mentally incompetent or a minor, or if the action is one for wrongful death, any lawful limitation of time prescribed in such contract shall not be applicable so long as no legal representative has been appointed for such incompetent, minor, or decedent's estate, but shall be applicable from the date of the appointment of such legal representative: Provided, however, That such appointment be made within three years after the date of such death or injury."

I have considered plaintiffs' contentions (1) that the instant motion was prematurely made, and that the statute of limitations should be pleaded as an affirmative defense, (2) that under the law of New York and France the infant plaintiff would have the right, *through* his *minority*, and for a period subsequent to attaining his majority, to institute suit, and (3) that the failure to have a guardian ad litem appointed for the infant was a mere irregularity which may be remedied by the appointment of the guardian ad litem nunc pro tunc. I find all of these contentions without merit. So far as the first contention is concerned, Rules 12(b) and 56 (b) of the Federal Rules of Civil Pro-

cedure are ample authority for making this motion before answer. In fact, Rule 56(b) provides that the defendant may, *"at any time"* move for summary judgment in his favor. So far as the remaining contentions are concerned, it appears that the Guardian ad Litem herein was not appointed within the three year period provided for in Section 183b of Title 46, supra.

Accordingly, the motion is granted and the complaint herein is dismissed.