Francine V. MITCHELL, an infant under the age of 14 years, by her guardian ad litem, Jess Mitchell, Plaintiff,

v.

AMERICAN EXPORT LINES, Defendant.

United States District Court
S. D. New York.
Jan. 27, 1960.

Gair, Finley, Averbach, Mahley & Hoffman (by Albert Averback), New York City, for plaintiff Mitchell.

Haight, Gardner, Poor & Havens, New York City, for defendant American Export Lines.

DAWSON, District Judge.

This is a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. for summary judgment, brought by the defendant, on the ground that the action is time-barred. Plaintiff's counsel defaulted on the argument of the motion.

From the moving papers and documents submitted, the following facts appear to exist without substantial controversy.

This action was started by filing of the complaint on November 28, 1958. The action alleges personal injuries suffered by the plaintiff, an infant under the age of 14 years, while travelling on the steamship Independence, which, the complaint alleges, was not maintained in a safe and seaworthy condition.

The passage ticket for the plaintiff, a copy of which is annexed to the moving papers, contained the following provision:

"* * * Suits and actions to recover for loss of life or bodily injury to the Passenger shall not be maintainable unless instituted within one (1) year from the day when the death or injury occurred * * *."

The complaint alleges that the injury occurred on or about October 2, 1955.

The limitation on the bringing of suits provided in the passage ticket appears to comply with the provisions of Title 46 U.S.C.A. § 183b, which statute, however, provides that the limitation shall not be applicable as to any minor until the date of appointment of a legal representative of the minor, *"Provided, However,* That such appointment be made within three years after the date of such death or injury." The papers submitted show that the appointment of a guardian ad litem for the plaintiff was made by order of this court dated November 28, 1958. This was more than three years after the date of the accident alleged in the complaint. Under those circumstances the time limitation provided in the passage ticket is applicable and this action is time-barred.

The motion for summary judgment dismissing the complaint is granted. So ordered.