Per Curiam.

Assuming that subdivision (b) of section 183 of title 46 of the United States Code was incorporated into paragraph 6 of the passage contract dealing with claims and suits, by reason of mentioning it in unrelated paragraph 3, the sense of it is to extend by 3 years, i.e., from 1 to 4 years, the time for bringing an action, where an infant plaintiff elects to proceed without the appointment of a guardian ad litem as is now permitted by CPLR 1201. The provision for appointing a guardian *671 within 3 years is not an end in itself but an outside limit on how long the time may be extended by reason of the infancy of the claimant. Therefore the instant action commenced within 3 years and 8 months after the injury was timely.
Moreover, since the Federal statute is not in itself a Statute of Limitations, but merely imposes restrictions respecting stipulations limiting the time for filing claims and commencing suit, if we conclude, as we must, that the owner failed to contract with regard to infants’ claims, that removes from the case any question of a Statute of Limitations, since the State statute does not apply to a maritime tort and the Federal jurisdiction recognized only laches as a defense in this connection. (Rogers v. City of New York, 46 Misc 2d 373.)
The order should be unanimously affirmed, with $10 costs.
Concur — Di Giovanna, Gulotta and Brenner, JJ.
Order affirmed, etc.