**Shirley CUMMISKEY,
Plaintiff–Appellant,**

v.

**CHANDRIS, S.A. and Ajax Navigation
Company, Defendants–Appellees.**

**No. 695, Docket 89–7912.**

United States Court of Appeals,
Second Circuit.

Argued Jan. 18, 1990.

Decided Feb. 2, 1990.

Ralph J. Mellusi, New York City (Tabak & Mellusi, of counsel), for plaintiff-appellant.

Michael D. Martocci, New York City (Martocci & Burns, Howard W. Burns, Jr., of counsel), for defendants-appellees.

Before FEINBERG, PRATT and MAHONEY, Circuit Judges.

PER CURIAM:

Plaintiff Shirley Cummiskey appeals from a judgment of the United States District Court for the Southern District of New York, Irving Ben Cooper, J., granting summary judgment to defendants-appellees Chandris, S.A. and Ajax Navigation Co., respectively the operator and owner of the cruise ship S/S Britanis. The decision of the district court is reported at 719 F.Supp. 1183 (S.D.N.Y.1989). Appellant injured two fingers when she slipped and fell in the bar of the vessel during a voyage from New York to Bermuda. Appellant claimed principally that appellees were negligent in allowing the floor of the ship's lounge to become wet and slippery, and that the malpractice of the ship's doctor, Dr. Plesa, aggravated her injuries.

The district court held that appellant failed to raise any genuine issues of material fact regarding appellees' alleged negligence in causing the accident. The district court also ruled that appellees could not be held vicariously liable for the alleged malpractice of Dr. Plesa, because the duty of a ship's owner or operator to passengers is limited to the exercise of reasonable care in selecting a competent and duly qualified physician. And the district court found that appellant did not dispute that appellees had, in fact, exercised reasonable care in hiring Dr. Plesa.

Appellant contends on appeal, among other things, that we should overturn the rule that the negligence of a shipboard doctor in treating passengers is not to be imputed to the ship's owner or operator. Appellant concedes that this principle is well established in maritime law. See, e.g., *Barbetta v. S/S Bermuda Star*, 848 F.2d 1364, 1369 (5th Cir.1988) (citing cases); but see *Nietes v. American President Lines, Ltd.*, 188 F.Supp. 219 (N.D.Ca.1959). However, appellant advances various reasons why we should abandon it, and notes that our court seems never to have considered the question.

Our research confirms that this court has never explicitly adopted the rule that a ship's owner or operator cannot be held vicariously liable to a passenger for the negligence of a shipboard doctor, although lower courts in this circuit have applied it. See, e.g., *Cimini v. Italia Crociere Int'l S.P.A.*, 1981 A.M.C. 2674, 2677 (S.D.N.Y. 1981); *Metzger v. Italian Line*, 1976 A.M.C. 453, 455 (S.D.N.Y.), aff'd without op., 535 F.2d 1242 (2d Cir.1975); *Amdur v. Zim Israel Navigation Co.*, 310 F.Supp. 1033, 1042 (S.D.N.Y.1969). On the facts before us, we decline the invitation to break with maritime precedent, and we affirm the judgment of the district court in all respects.