Karma **KIENTZLER**, Plaintiff,

v.

**SUN LINE GREECE SPECIAL SHIPPING CO., INC.** and **Sun Line Cruises**, Defendants.

No. 91 Civ. 2620 (RPP).

United States District Court, S.D. New York.

Dec. 18, 1991.

Florrie L. Wertheimer, P.C. by Jay M. Solomon, New York City, for plaintiff.

Walker & Corsa, by Lenore E. McQuilling, Scott A. Walker, New York City, for defendants.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

This is an action for damages alleging negligence and failure to warn. Defendants, Sun Line Greece Special Shipping Co., Inc., Owner of the passenger ship STELLA SOLARIS ("Owner"), and Sun Line Cruises, Inc. ("Sun Line Agency"), now move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendants' motion is granted.

## BACKGROUND

Plaintiff Karma Kientzler claims that she was injured on April 3, 1990 while on board the STELLA SOLARIS when she slipped and fell on a wet step. Complaint ¶ 5. Plaintiff, who is employed by Canyon Ranch, was assigned as part of her employment to "A Taste of Canyon Ranch at Sea," a chartered group tour by air from Miami, Florida to Rio de Janeiro, Brazil and a return cruise upon the STELLA SOLARIS from March 24 to April 8, 1990. Solomon Aff. ¶ 2. On March 23, 1990, Plaintiff flew from Tucson, Arizona, where she works, to Miami, where she boarded a chartered flight to Rio de Janeiro. In Rio de Janeiro, Plaintiff boarded the STELLA SOLARIS for the voyage to Fort Lauderdale, Florida. Plaintiff filed her complaint on April 16, 1991.

Defendants move for summary judgment on the grounds that (1) there are no issues of material fact, (2) Plaintiff's cause of action against the Owner is time-barred, and (3) Plaintiff has no cause of action against Sun Line Agency because Sun Line Agency acted at all times as agent for a disclosed principal, the Owner.

## DISCUSSION

### 1. Genuine Issue

Summary judgment is appropriate if the evidence offered demonstrates that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The burden rests on the moving party to demonstrate the absence of a genuine issue of material fact, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986), and the Court must view the facts in the light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962).

Once the moving party has made its showing, the burden shifts to the nonmoving party to show that there is a genuine issue of material fact for trial. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510; *Salahuddin v. Coughlin*, 674 F.Supp. 1048 (S.D.N.Y.1987). A material fact is one "that might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. An issue is "genuine" if a rational trier of fact could find for the opponent on the evidence presented. *Id.* To meet its burden, the opponent "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986), and must set forth specific facts showing that there is a genuine issue for trial, *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510; *see also* Fed.R.Civ.P. 56(e) ("the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth *specific facts* showing that there is a genuine issue for trial" (emphasis added)).

The sole material issue in dispute for purposes of this motion is whether Plaintiff, or an employee of Canyon Ranch as her agent, received Plaintiff's passenger ticket contract for the cruise. In her Affi-

davit in Opposition, Plaintiff asserts that neither she nor any other employee of Canyon Ranch received passenger ticket contracts for the March 24–April 8, 1990 cruise of the STELLA SOLARIS. Kientzler Aff. ¶ 2. Plaintiff refutes Defendants' arguments based on statute of limitations and disclosed principal defenses with the sole assertion that she never received the ticket; thus, she argues that she did not receive proper notice either of the one-year limitations period or of the existence of the Owner, Sun Line Agency's principal. *See* Pl. Mem. in Opp. at 2. Plaintiff concedes that the latter is clearly disclosed in the ticket contract. *Id.*

## 2. Evidence Pertaining to Receipt of the Cruise Ticket

Defendants offer considerable, albeit circumstantial, evidence to support their claim that Plaintiff, or a Canyon Ranch employee acting as her agent, received the passenger ticket contract. They offer proof showing that (1) Canyon Ranch paid for a ticket for Karma Kientzler at a reduced rate, Trott Supplemental Aff. Exh. D, (2) a coupon from a cruise passenger ticket contract was issued on March 13, 1990 in Ms. Kientzler's name, Trott Aff. Exh. B, and (3) a Federal Express "Sender Activity Summary" listed an entry for a priority letter mailed to "Karam Kienzler [sic]" at Canyon Ranch on the day after the Owner issued the cruise ticket in Ms. Kientzler's name.[1] Trott Supplemental Aff. Exh. I.

Affidavits by two Sun Line Agency employees assert the following: (1) in Sun Line Agency's usual course of business, cruise passenger ticket contracts are mailed to the passenger or her agent,[2] Trott Supplemental Aff. ¶ 4; (2) in Sun Line Agency's usual course of business, passengers or their agents must present a cruise passenger ticket contract at the embarkation point, i.e. Miami in this case, Trott Supplemental Aff. ¶ 6; (3) Paul Trott and Tammy Varnavas, Sun Line Agency employees who collected coupons from cruise passenger ticket contracts for the March 24, 1990 cruise, collected the appropriate cruise ticket coupons from each passenger in Miami, after which they were forwarded to the vessel in Rio de Janeiro and in due course to the Owner, Trott Supplemental Aff. ¶ 12; Varnavas Aff. ¶¶ 5, 7; (4) no person would have been allowed past the embarkation point in Miami unless a cruise passenger ticket contract was presented by the passenger or her agent, Trott Supplemental Aff. ¶ 14; Varnavas Aff. ¶¶ 5, 7; (5) the only cruise tickets brought by Sun Line Agency to Miami were blank contracts in case a passenger forgot her ticket, and none of these blank tickets were used on March 23, 1990, Varnavas Aff. ¶ 6. The Owner has forwarded from its files the original copies of the two company-retained coupons from Ms. Kientzler's cruise ticket. Trott Supplemental Aff. Exhs. G and H.

Plaintiff, on the other hand, offers affidavits by three persons who simply deny that they received Plaintiff's passenger ticket contract for the March 24, 1990 cruise. These persons are Plaintiff herself, Christina Chapman (a Canyon Ranch employee also assigned to the cruise), and Jerrold Cohen (the president of Canyon

1. The letter was signed for on March 15, 1990 by "L. Ayala" on a second attempt at delivery at Canyon Ranch.

2. Defendant also asserts that, as a matter of practice, Sun Line Agency sends cruise tickets *"together with* any other necessary documents (*airline tickets,* passport, visa, etc.) to the passenger/passenger agent." Trott Supplemental Aff. ¶ 4. Plaintiff casts some doubt on this aspect of Defendants' proof: Plaintiff offers her airline ticket and itinerary, sent to her by Sun Line Agency, which show that the date the airline ticket was issued and the itinerary prepared was March 20, 1990, subsequent to the alleged mailing of the cruise ticket to Ms. Kientzler. Solomon Further Aff. Exh. A. Thus, Plaintiff asserts, Sun Line Agency's own procedure was not followed in this case.

The Court finds that the portion of Defendants' proof undermined by this inconsistency does not outweigh sufficiently the remainder of the evidence indicating that the cruise ticket was indeed sent to Canyon Ranch and presented upon Plaintiff's boarding in Miami either by Plaintiff or on her behalf.

Ranch).[3]  Although Plaintiff states that "[n]o other employee of Canyon Ranch" received any passenger ticket contracts, she does not explain the grounds for this assertion.  Kientzler Aff. ¶ 2.  Similarly, Jerrold Cohen can only state that he was not "aware of any employee of Canyon Ranch receiving these tickets and contracts."  Cohen Aff. ¶¶ 4–5.

Although this cruise apparently was a "joint venture" between Sun Line Agency and Canyon Ranch and indeed was entitled "A Taste of Canyon Ranch at Sea," Solomon Aff. ¶ 3 and Exh. C, no affidavit is offered from any Canyon Ranch employee, including L. Ayala, demonstrating any detailed knowledge of the cruise arrangements, nor is any explanation for the absence of such an affidavit proffered.  No information is provided explaining how travel by Canyon Ranch employees assigned to such cruises is generally arranged.  Plaintiff's own description of her "on board status" is vague.  *See, e.g.,* Solomon Aff. ¶ 3.  While it was asserted that she was seeking certain information that "may shed light on her status," *id.,* no such information has been provided to this Court.[4]  In sum, Plaintiff has alleged no specific facts to support her assertion that neither she nor any other employee at Canyon Ranch acting as her agent received her passenger ticket contract for the cruise.  *See Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510.  Nor has she offered any explanation of what occurred in Miami when Trott and Varnavas obtained ticket coupons for retention by the Owner.  Accordingly, the Court finds that there is no genuine issue of fact as to the receipt of the cruise ticket by an employee of Canyon Ranch.

### 3.  Statute of Limitations

Assuming, then, that an employee at Canyon Ranch did receive Plaintiff's cruise passenger ticket contract, it must be determined whether her cause of action against the Owner is barred by the one-year limitations period contained in the passenger ticket contract.  46 U.S.C. § 183b authorizes a shipowner to limit contractually the time for commencement of a suit by a passenger to recover for personal injuries to one year from the day the alleged injuries occurred.  A notice printed in bold on the jacket of the ticket at issue in this case states, "IMPORTANT NOTICE—READ BEFORE ACCEPTING," underneath which is typed:

> Please read carefully the terms of this ticket beginning on page one and continuing through page 4.  All these terms are an integral part of the contract between passengers and the Carrier.  In accepting this contract, you agree to the terms.  Attention is particularly drawn to the Carrier's right of exemption and limitation set forth in Clauses 12 and 13 (pages 3 and 4).

Additionally, the portion of the ticket presented for passage refers in two places to the conditions printed on the cover of the ticket and state that they form part of the contract.  Clause 13 of the ticket states in pertinent part:

> Suit to recover on any claim shall not be maintainable unless commenced and process served . . . [w]ithin one (1) year from date when the death or injury occurred in respect of any claim for loss of life or bodily injury in any case where said Section 4282 A [of the Revised Statutes of the United States] shall apply.

Trott Supplemental Aff. Exh. B.  Plaintiff alleges her injury occurred on April 3, 1990, and she did not file her complaint until April 16, 1991.

---

**3.**  Some of the information furnished by Plaintiff was submitted by way of further affidavits by both Plaintiff and her attorney, Mr. Solomon, and the affidavit of Ms. Chapman, which were served almost two weeks after Defendants' reply papers were served.  At oral argument, this Court permitted Plaintiff to submit an additional affidavit by Mr. Cohen.  Thus, Plaintiff has been afforded ample opportunity to meet her burden of establishing a genuine issue for trial.

**4.**  Plaintiff maintains that she boarded the ship by means of a photo identification card issued in Rio de Janeiro, but Defendants assert that such cards are prepared on board the ship after a passenger has boarded the ship.  Trott Supplemental Aff. ¶ 15.

■ A contractual limitation provision contained in a contract of passage is binding and enforceable "if the existence and importance of the limitation is 'reasonably communicated' to the passenger and it is incorporated by reference into the contract of passage." *Ciliberto v. Carnival Cruise Lines,* 1986 A.M.C. 2317, 2317, 1986 WL 2560 (E.D.Pa.1986) (quoting *Silvestri v. Italia Societa per Azione di Navigazione,* 388 F.2d 11 (2d Cir.1968)). Whether this standard has been met is a question of law for the court. *See id.* at 2318 (citing *Barbachym v. Costa Line,* 713 F.2d 216, 218 (6th Cir.1983)). Numerous courts have found that tickets comparable to the one at issue here "clearly satisf[y]" the standard. *Ciliberto,* 1986 A.M.C. at 2318–19 (citing cases); *see also Bowns v. Royal Viking Lines,* 1977 A.M.C. 2159 (S.D.N.Y.1977) ("[t]he one-year limitation provision in such a [cruise ticket] contract has been routinely upheld by the courts"). The Court is satisfied that Plaintiff's ticket adequately conveyed the importance of the terms of the contract of passage.

When a passenger never handles her own ticket, whether or not she is charged with notice of its contents depends on the particular facts of the case. One of two lines of cases might apply in such situations. In the first type of case, a passenger gives authority to a friend, relative, or other person acting in the capacity of an agent to acquire and hold her individual ticket for her. *See, e.g., Ciliberto,* 1986 A.M.C. at 2321–22; *De Carlo v. Italian Line,* 416 F.Supp. 1136, 1137 (S.D.N.Y.1976). In such cases, the passenger is charged with notice of the contractual provision.

In the second type of case, a tour group leader arranges for multiple reservations and the carrier issues one master ticket to the tour group leader. In such a case, the carrier must give reasonable notice in whatever materials are issued to each passenger that they should examine the terms of the contract of passage or, at a minimum, clearly directing them to documents setting forth these terms. *E.g., Muratore v. M/S Scotia Prince,* 845 F.2d 347, 352 (1st Cir.1988); *Barbachym v. Costa Line,*

713 F.2d 216, 220 (6th Cir.1983). In this line of cases, consideration is given to whether the company has done all it reasonably could to warn the passenger that the terms were important. *Muratore,* 845 F.2d at 351.

Plaintiff's situation is more closely analogous to the first type of case. Plaintiff's passage was not secured by means of a group ticket; rather, an individual ticket was issued in Plaintiff's name. While Plaintiff claims no knowledge of who had her ticket contract, the cruise was arranged as a part of her employment, and clearly someone at Canyon Ranch handled the arrangements for her. Plaintiff's limited knowledge of the circumstances surrounding her trip indicate that she left the details to someone else at Canyon Ranch. Thus, even if another person acting as Plaintiff's agent handled her ticket exclusively, Plaintiff is still charged with knowledge of its contents. Since Plaintiff did not initiate her suit within one year of her injury, summary judgment dismissing the Complaint as to the Owner is granted.

### 4. Disclosed Principal

■ Plaintiff concedes that "the passenger ticket contract … does make clear that the owner of the vessel is Sun Line Greece Special Shipping Co." Pl. Mem. in Opp. at 2. However, Plaintiff argues that, since she never received the ticket, the principal of Sun Line Agency was not disclosed to her. *Id.* As stated above, however, Plaintiff is charged with knowledge of the contents of the ticket contract. The ticket's cover clearly identifies Sun Line Greece Special Shipping Co., Inc. as the operator and carrier. Trott Supplemental Aff. Exh. B.

Sun Line Agency was thus the agent for a disclosed principal. "As such, it is not responsible under the contract language or rules of law." *Bowns,* 1977 A.M.C. 2159 (citing Restatement of Agency § 320); *see also Seguros Banvenez, S.A. v. S/S Oliver Drescher,* 761 F.2d 855, 860 (2d Cir.1985) ("When an agent makes a contract for a disclosed principal, it becomes neither a party to the contract nor liable for the

performance of the contract."). There is no allegation that Sun Line Agency acted outside the scope of its agency. *See Seguros Banvenez,* 761 F.2d at 860. Thus, this Court concludes that Sun Line Agency is not liable for Plaintiff's injuries while on board the STELLA SOLARIS and is entitled to summary judgment dismissing the complaint as against it.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is granted and the complaint is dismissed.

IT IS SO ORDERED.