David GILLMOR and Julie Gillmor, Plaintiffs,

v.

CARIBBEAN CRUISE LINE, LTD. et al., Defendants.

Civ. No. 91–1862 (RLA).

United States District Court, D. Puerto Rico.

March 30, 1992.

James A. Toro, Nachman & Fernandez Sein, Santurce, P.R., for plaintiffs.

John E. Mudd, Dario Rivera Carrasquillo, Cordero Miranda & Pinto, Old San Juan, P.R., Manolo Rodríguez Bird, Jimenez Graffam & Lausell, San Juan, P.R., for defendants.

## OPINION AND ORDER

ACOSTA, District Judge.

This Court will only address at this time the motion to dismiss filed by Caribbean Cruise Line on November 14, 1991 (docket # 8) and the opposition thereto filed by the plaintiffs on December 18, 1991 (docket # 16).

This action arises from an incident at the San Juan pier facilities. According to David Gillmor, a passenger of the Sovereign of the Seas, a vessel owned by Royal Caribbean Cruise Line, he inquired from a crew member where he could get a newspaper. Plaintiff was directed to the pier area and once there he was robbed and stabbed. These events took place at a distance of no more than fifty yards from the vessel while plaintiff was accompanied by his wife, Julie Gillmor, a passenger also. Thereafter he was treated by the vessel's physician.

The complaint avers that defendant was negligent in failing to advise the plaintiffs that the pier was a high crime area and in the medical treatment afforded by the vessel's physician.

## ISSUES

1) What is the applicable law?

2) Whether a shipowner is liable for the injuries suffered by a passenger, who was robbed and stabbed at the pier area, where he was directed by a crew member who failed to advise him of the fact that the pier was a high crime area.

3) Whether a shipowner is liable for the negligence of the vessel physician.

4) Whether there is a right to a jury trial for the claims asserted against the shipowner.

## ARGUMENTS

The defendant argues that the law does not require the shipowner to provide the highest degree of care to its passengers. Even assuming, arguendo, that the standard required was of the highest degree of care, it is inapplicable to the controversy at hand inasmuch as the facts did not occur on board the vessel and its owner, Royal

Caribbean, was not in control of the pier. Defendant further argues that it can be liable for the ship doctor's malpractice, only if it had hired an incompetent or unqualified doctor.

The plaintiffs oppose the motion to dismiss arguing that during the period of passage, a passenger is entitled to the highest degree of care possible, whether the injury occurs on the high seas, in heavy weather, or in the serene waters of a protected cove. With regard to the medical treatment, plaintiff alleges that Royal Caribbean was negligent for failing to provide prompt assistance and appropriate medical management and for causing plaintiff's condition to exacerbate by the lack of diligent and contra-indicated treatment afforded by the vessel's medical personnel.

## DISCUSSION

1. Applicable Law.

██ Since the action at hand was brought pursuant to this Court's jurisdiction in diversity of citizenship, our first mission is to determine the applicable law. Our options are the provisions of the Maritime Law for tort actions or Art. 1802 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 5141.

> ... when the parties allege diversity of citizenship as the basis of the federal court's jurisdiction (as they did in this case), if the injury occurred on navigable waters, federal maritime law governs the substantive issues in the case.

*Everett v. Carnival Cruise Lines,* 912 F.2d 1355, 1358 (11th Cir.1990).

In determining whether Maritime Law is applicable we must follow a two-step test process. The first step takes into consideration the locality of the tort, and the second step the relationship of the wrong to some traditional maritime activity. *See* Herbert R. Baer, Admiralty Law of the Supreme Court § 25-2 at 675 (3d ed. 1979).

When we apply the first step to the case at hand we find that even though the injury to the plaintiff occurred on the pier, the alleged negligence, namely the failure of the crew member to warn the passenger about the crime problem in the pier area, took place on board the vessel. Thus, the locality of the tort is deemed to be the vessel.

> [T]he place where the injury was consummated (the dock) was not important; the wrong took place on the gangplank [part of the ship], where the breach of duty occurred. The "place of wrong", then, is where the negligent party's act affects the victim.

Thomas J. Schoenbaum, Admiralty and Maritime Law § 3-4 at 70 (1987).

With respect to the second step, the maritime activity involved is the transportation of passengers and the wrong is the breach of the duty that every carrier has of assuring the safety of its passengers during the period of passage.

The previous analysis brings us to the conclusion that the applicable law is the Maritime Law and its provision on torts. We will invoke Art. 1802 of the Civil Code of Puerto Rico only in those areas where the Maritime Law is silent on the subject.

2. Shipowner's Liability for the Injuries Suffered by the Passenger.

Negligence is an actionable wrong under the general maritime law.... *There must be a duty owed by defendant to plaintiff, breach of duty, prejudice sustained by plaintiff, and a causal connection between defendant's conduct and plaintiff's prejudice.*

A duty of care exists when injury is foreseeable or when contractual or other relations of the parties impose it. In determining the existence of duty, a court must examine and weigh the probability of an accident, the potential extent of the injury, and the cost of adequate precautions....

....

In a negligence action under the general maritime law, the standard of care required of defendant is that of ordinary diligence under the circumstances.... According to this formula, negligence is a failure to act reasonably under the particular circumstances in order to

avoid loss or injury.... The questions *of the existence of duty and of the governing standard of care are legal determinations that are reviewable on appeal.* (emphasis added)

*Id.* § 4–2 at 124–25.

To determine whether or not there was a duty owed by defendant under the circumstances present in this case we must first ascertain the relationship between the parties from which such duty might have arisen. The record indicates only that plaintiffs bought boarding tickets. However, the record does not indicate the particular provisions of that relationship. This is an issue that must be determined by the trier of facts.

 Secondly, it must determined whether the injury was foreseeable. A shipowner's liability is based on the standard of reasonable care under the circumstances, which requires that a shipowner have actual or constructive notice of a dangerous condition before liability may be imposed. *Everett v. Carnival Cruise Lines,* 912 F.2d at 1358. That is, whether or not the pier was actually a high crime area and if so, whether or not the shipowner knew, or should have known, of its unsafe condition. The answers to these questions are dependent upon facts which are not yet part of the record.

Next, it must be determined whether or not plaintiff suffered damages. It is undisputed that the plaintiffs were accosted, held at knife point and robbed. Furthermore, Mrs. Gillmor was thrown onto the ground and Mr. Gillmor was stabbed and seriously injured.

Finally, plaintiffs must establish the causal connection between defendant's conduct and their injuries. Again, this is also dependent upon the facts to be developed. If the pier was a high crime area and the vessel employee did not advise the passenger of this fact, he breached his duty and as a result the passenger innocently went into the "mouth of the wolf," so to speak, and was seriously injured.

Accordingly, the motion to dismiss is hereby DENIED as to the shipowner's liability for the injuries suffered by the passenger.

3. **Whether a Shipowner is Liable for Medical Malpractice of the Ship's Doctor.**

... When a carrier undertakes to employ a doctor aboard ship for its passengers' convenience, the carrier has a duty to employ a doctor who is competent and duly qualified. If the carrier breaches its duty, it is responsible for its own negligence. If the doctor is negligent in treating a passenger, however, that negligence will not be imputed to the carrier.

. . . .

A shipping company is not in the business of providing medical services to passengers; it does not possess the expertise requisite to supervise a physician or surgeon carried on board a ship as a convenience to passengers. A ship is not a floating hospital; a ship's physician is an independent medical expert engaged on the basis of his professional qualifications and carried on board a ship for the convenience of passengers, who are free to contract with him for any medical services they may require.

. . . .

... Because it would be inconsistent with the basic theory of respondeat superior liability to impose responsibility vicariously where the "master"—that is, the ship's owner or carrier—lacks the ability to meaningfully control the relevant actions of its "servant"—that is, the ship's doctor—these courts have refused to do so.

*Barbetta v. S/S Bermuda Star,* 848 F.2d 1364, 1369 (5th Cir.1988); *Cummiskey v. Chandris, S.A.,* 895 F.2d 107 (2nd Cir.1990) (declining to break precedent that the negligence of a shipboard doctor in treating passengers is not to be imputed to the ship's owner or operator.)

 A careful review of the complaint reveals that there are no allegations against Royal Caribbean for the hiring of an incompetent or unqualified doctor.

Thus, plaintiff does not have a cognizable cause of action under the law for the alleged negligence of the ship's doctor. Accordingly, the motion to dismiss is hereby GRANTED as to the claims based on the ship's doctor malpractice.

### 4. Right to a Jury Trial.

There is *no right to jury trial,* except as provided by Congress or as required by the Supreme Court in the exercise of its supervisory power over *admiralty proceedings* on the admiralty side of the federal court. But if a claim can be brought on the law side of the federal court, it is triable to a jury on demand, even though it is maritime in origin....

If jurisdiction can alternatively be based on a federal question, or on diversity and the necessary jurisdictional amount, either party may demand a jury trial unless plaintiff has chosen to identify the claim as an admiralty or maritime claim, as permitted by Rule 9(h) ... (emphasis added).

9 Wright and Miller, Federal Practice and Procedure § 2315 at 72 (1971).

 In the case at hand the complaint invokes this Court's jurisdiction on diversity of citizenship, but also invokes concepts of maritime law. We have resolved the main issues here according to maritime law. For that reason, and because none of the parties have asked for a jury trial, these proceedings will be conducted without a jury.

### CONCLUSION

Accordingly, based on the foregoing the Court hereby finds as follows:

1) The applicable law to these proceedings is the federal maritime law.

2) The Motion to Dismiss is DENIED as to the shipowner's liability for the injuries suffered by the passenger.

3) The Motion to Dismiss is GRANTED as to the shipowner's liability for medical malpractice. These claims are hereby dismissed.

4) These proceedings will be conducted without a jury.

IT IS SO ORDERED.