Barbara **JOHNSON**, Jaunice Henderson, Jerry Riley and Karen Riley, Plaintiffs,

v.

**COMMODORE CRUISE LINES, LTD.,** Defendant.

No. 94 Civ. 0191 (WK).

United States District Court, S.D. New York.

July 25, 1995.

---

David J. Panitz, Lori J. Erlich, Wallman & Wechsler, P.C., New York City, for Plaintiffs.

Michael D. Martocci, New York City, for Defendant.

## OPINION AND ORDER

WHITMAN KNAPP, Senior District Judge.

This is an action for the intentional and negligent infliction of emotional distress, and for fraud and deceit, based upon an alleged conspiracy on the part of defendant's employees to conceal the rape of plaintiff Barbara Johnson ("Barbara") while she was a passenger on board one of defendant's cruise ships. By Memorandum and Order dated October 11, 1994, we dismissed all of plaintiffs' causes of action resulting from the alleged rape as claims for "bodily injury" which were time barred under a one-year time-to-sue provision in plaintiffs' passage contracts.[1] We granted plaintiffs leave to amend their complaint, however, to assert claims based upon the alleged misconduct of defendant's employees after the rape occurred.

Plaintiffs filed their amended complaint on October 20, 1994. Defendant moves once again for summary judgment on all claims. For the reasons that follow, we grant defendant's motion for summary judgment on the intentional infliction of emotional distress, fraud and deceit claims, but deny it with regard to plaintiffs' claims for negligent infliction of emotional distress.

## BACKGROUND

■ This being a summary judgment motion, we interpret the facts most strongly

1. Such contractual statutes of limitations are authorized by 46 U.S.C.A. § 183b(a) (West 1975 & Supp.), which provides:

It shall be unlawful for ... the owner of any sea-going vessel ... transporting passengers or merchandise or property from or between parts of the United States and foreign parts to provide by rule, contract, regulation, or otherwise a shorter period for giving notice of, or filing claims for loss of life or bodily injury, than six months, and/or the institution of suits on such claims, than one year, such period for institution of suits to be computed from the day when the death or injury occurred.

against the movant. As so interpreted, the relevant facts are as follows:

In addition to Barbara, plaintiffs are Jaunice Henderson, Barbara's mother; Karen Riley, Barbara's sister; and Jerry Riley, Barbara's brother-in-law. In February and March 1992, all four plaintiffs purchased passenger tickets in Mississippi, their state of citizenship, for a cruise on defendant's ship, the "ENCHANTED SEAS" ("the ship"). The tickets included a passage contract which provided that (Def.Exh. E. at 4):

> The Passenger or Passengers named herein, by accepting or using this passage contract, and the Carrier Commodore Cruise Line, Limited by issuing the same, mutually agree that the Carrier will provide the Passenger with passage as stated herein subject to the terms appearing herein …

Plaintiffs boarded the ship on April 26, 1992.

At some time on the afternoon of May 1, 1992, Barbara went to the ship's infirmary and reported to the ship's doctor and nurse that she had been raped by a crew member, whom she identified as Hipolito Chavez. While in the infirmary, the doctor told Barbara that she was suffering from a heart attack and, despite her objections, injected her with 15 milligrams of morphine. The ship's captain and hotel manager then assisted the doctor in arranging for Barbara to be placed on a gurney and transported to a hospital in Cozumel, where the ship was docked. At the hospital, two doctors found that Barbara had not suffered from a heart attack, diagnosed severe emotional distress and administered Elavil, an anti-depressant medication.

The other plaintiffs were not on board the ship at the time Barbara went to the ship's doctor and was sent to the hospital. When plaintiffs returned to the ship after such time, the doctor told them that Barbara had suffered a "massive heart attack"; that she had only a fifty percent chance of surviving; that she was "brain dead" and would be a "vegetable" requiring constant care if she survived.

The ship's hotel manager directed his staff to pack plaintiffs' bags and instructed the plaintiffs to disembark the ship immediately.

Plaintiffs were not permitted to use a telephone before leaving. After Barbara was released from the hospital and informed her family that she was not, in fact, suffering from a heart attack, all four plaintiffs were refused reentry onto the ship. Plaintiffs were left stranded in Mexico with neither passports nor money.

Barbara provided defendant with notice of claim by a letter dated October 23, 1992. In addition to stating causes of action on Barbara's own behalf, the letter alleged that

> [s]tatements were also made by the ship doctor to the other members of my party concerning my condition which caused great stress, mental anxiety, mental anguish and emotional distress. Specifically, the ship's doctor informed my mother, my sister, and my brother-in-law that I only had a fifty-fifty (50/50) chance of survival due to the massive nature of the heart attack * * * the statements were made by the ship's doctor and caused my sister, mother, and brother-in-law to suffer greatly.

Def.Exh. M. at 2. This suit was filed in December 1993, one year and seven months after the alleged incidents on board the ship transpired.

It is plaintiffs' theory that, alarmed at the possibility that Barbara and her family would inform other passengers of the rape, the doctor, captain, hotel manager and other ship's personnel determined to remove plaintiffs from the ship and to prevent them from re-boarding. Plaintiffs claim that the morphine injection, false statements about Barbara's health, and other instances of misconduct were designed to further that end, and thereby suffered emotional and monetary damage.

## DISCUSSION

Defendant asserts, and plaintiffs do not dispute, that the claims for intentional infliction of emotional distress are time barred under New York's one-year statute of limitations for intentional torts, N.Y.C.P.L.R. § 215(3) (McKinney's 1990 & Supp.), which courts have uniformly construed to govern intentional infliction of emotional distress claims. *See, e.g., Gallagher v. Directors*

*Guild of America* (1st Dept.1988) 144 A.D.2d 261, 533 N.Y.S.2d 863, 864. Moreover, to our knowledge, nothing in federal maritime law preempts § 215(3) by providing a longer limitations period for such claims. With respect to the causes of action for fraud and deceit, the facts here alleged simply fail to suggest that defendant's alleged misconduct was aimed at depriving plaintiffs of some economic benefit. Accordingly, we grant defendant's motion for summary judgment with regard to the intentional infliction of emotional distress, fraud and deceit claims.

■ Plaintiffs' remaining causes of action for negligent infliction of emotional distress present the question of whether such claims are time barred under plaintiffs' passage contracts. The passage contracts require that notice for all claims not based upon "loss of life or bodily injury" be provided within 15 days, and that suit for such claims be filed within 6 months from the date of landing. This provision conflicts with the law of Mississippi.[2] Under Mississippi's residual statute of limitations, a suit for negligent infliction of emotional distress may be brought within three years from the date the cause of action accrued. Miss.Code 1972 Ann. § 15–1–49(1) (1993).[3] Mississippi law further provides (in pertinent part):

> The limitations prescribed in this chapter shall not be changed in any way whatsoever by contract between parties, and any change in such limitations made by any contract stipulation whatsoever shall be absolutely null and void * * *

Miss.Code 1972 Ann. § 15–1–5 (1993) (emphasis supplied).[4] Consequently, it must be determined whether there exists any federal maritime statute which would preempt Mississippi law as applied to plaintiffs' negligent infliction of emotional distress claims.

In *Scheibel v. Agwilines, Inc.* (2d Cir.1946) 156 F.2d 636, the Second Circuit addressed a similar question concerning the validity of a passage ticket's one-year time-to-sue provision for bodily injury suits, as authorized by 46 U.S.C. § 183b (West 1975 & Supp.1995). The contractual limitations period was shorter than that provided for such suits under the law of Florida, where plaintiff purchased his passage ticket. *Id.* at 637. Florida law prohibited any attempt contractually to impose shorter limitations periods than those prescribed in its own statutes of limitations. *Id.* Ruling that § 183b "occupied the field" with respect to plaintiff's injuries from a shipboard fall, thereby preempting inconsistent state statutes, the Court noted:

> Section 183b, although added in 1935, is an integral part of Title 46, Chapter 8 entitled "Limitation of a Vessel Owner's Liability." This chapter provides a comprehensive body of regulations declaratory of federal policy with respect to the specific matters with which they deal. Thus, section 181 protects the owner from liability to shippers of specified goods who fail to disclose their nature; section 182 protects him against losses due to fire not caused by his neglect; and section 183 sets limits to the extent of his liability. The purpose of these provisions was to encourage shipbuilding and they should be liberally construed in the ship-owner's favor. *Coryell v. Phipps*, 317 U.S. 406, 411, 63 S.Ct. 291 [293–94], 87 L.Ed. 363; *The Chickie*, 3 Cir., 141 F.2d 80, 85.

*Id.* at 638.

■ In the instant case, the only relevant federal statute is § 183b. As suggested by

---

2. It is well-established that the validity of a contract is determined by the law of the state in which it was made. *See Keywell Corp. v. Weinstein* (2d Cir.1994) 33 F.3d 159, 163; *Recovery Consultants, Inc. v. Shih–Hsieh* (1st Dept.1988) 141 A.D.2d 272, 534 N.Y.S.2d 374, 375. Here, plaintiffs purchased and received the tickets in Mississippi; under the terms of the ticket agreements, those acts constituted acceptance. *See supra*, p. 742.

3. Miss.Code 1972 Ann. § 15–1–49(1) (1993) provides:

> All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after.

4. It is unnecessary to decide at this time whether the relevant federal (46 U.S.C.A. § 763a) (West 1975 & Supp.), New York (N.Y.C.P.L.R. § 214) (McKinney's 1990 & Supp.) or Mississippi (Miss. Code 1972 Ann. § 15–1–49) (1993) statute of limitations would govern plaintiffs' negligent infliction of emotional distress claims. Under each, plaintiffs would have three years in which to file suit.

the above quotation from *Scheibel,* Congressional concern in enacting the statutes of which § 183b was a part was to limit the liability of a shipowner for events arising in the general course of shipping and navigation. *See Vavoules v. Kloster Cruise Ltd.* (E.D.N.Y.1993) 822 F.Supp. 979, 982. There is no suggestion either in the language of the statutes or in their legislative history of any intention to limit the liability of a shipowner for the affirmative misconduct of its management toward passengers.[5] Accordingly, we find that § 183b does not preempt Mississippi's prohibition against contractually shortening limitations periods and, therefore, that the six-month time-to-sue provision in plaintiffs' tickets is invalid.[6]

Aside from its statute of limitations defense, defendant cites two maritime law doctrines which, it contends, defeat plaintiffs' claims. The first of these is the so-called "zone of danger" doctrine. *See Chan v. Society Expeditions Inc.* (9th Cir.1994) 39 F.3d 1398. Second is the doctrine that a ship's doctor is not an agent of the shipowner, but an independent contractor. Under this doctrine, a shipowner cannot be held liable for the malpractice of a doctor unless it can be established that the shipowner had been negligent in making a contract with a wholly

unqualified person. *See, e.g., Cummiskey v. Chandris S.A.* (2d Cir.1980) 895 F.2d 107, 107–08; *Amdur v. Zim Israel Nav. Co.* (S.D.N.Y.1969) 310 F.Supp. 1033, 1042.

Neither of these doctrines has any application here. The "zone of danger" rule has to do with situations where plaintiff has witnessed or has otherwise been affected by a traumatic injury to a third person. The doctrine denies a plaintiff recovery unless it can be shown that he or she had such a close relationship with the incident as to be in a "zone of danger." No such problem is here involved, as plaintiffs allege no injury to a third person. Their claim is that defendant's management, in carrying out its plans to get them off—and keep them off—the ship, engaged in conduct that any reasonable person would have realized would likely cause severe damage to plaintiffs. With respect to the doctor, no one is accusing him of inept or mistaken diagnosis. He is charged with deliberately misusing his position as doctor to further defendant's above-described scheme.

## CONCLUSION

For the reasons stated herein, we dismiss plaintiffs' claims for intentional infliction of emotional distress, fraud and deceit. Defendant's motion for summary judgment

**5.** We have reviewed all decisions of the United States Courts of Appeals, and of the Southern District of New York, dismissing actions or claims pursuant to contractual time-to-sue provisions authorized by § 183b. None of these cases appear to have involved allegations—such as those at bar—that either the shipowner being sued, or any of its agents, had engaged in any affirmative misconduct against passengers. *See Jimenez v. Peninsular & Oriental Steam Nav. Co.* (1st Cir.1992) 974 F.2d 221; *Lousararian v. Royal Caribbean Corp.* (1st Cir.1991) 951 F.2d 7; *Shankles v. Costa Armatori, S.P.A.* (1st Cir.1983) 722 F.2d 861; *DeNicola v. Cunard Line Ltd.* (1st Cir.1981) 642 F.2d 5; *Spataro v. Kloster Cruise, Ltd.* (2d Cir.1990) 894 F.2d 44; *Schwartz v. S.S. Nassau* (2d Cir.1965) 345 F.2d 465; *Scheibel v. Agwilines, Inc.* (2d Cir.1946) 156 F.2d 636; *Foster v. Cunard White Star* (2d Cir.1941) 121 F.2d 12; *Marek v. Marpan Two, Inc.* (3d Cir.1987) 817 F.2d 242; *Miller v. Lykes Bros. S.S. Co., Inc.* (5th Cir.1972) 467 F.2d 464; *Dempsey v. Norwegian Cruise Line* (9th Cir.1992) 972 F.2d 998; *Nash v. Kloster Cruise A/S* (11th Cir.1990) 901 F.2d 1565; *Keefe v. Bahama Cruise Line, Inc.* (11th Cir.1989) 867 F.2d 1318; *Cygielman v. Cunard Line Ltd., et al.* (S.D.N.Y.1995) 890 F.Supp. 305; *Natale v.*

*Regency Maritime Corp.* (S.D.N.Y.1995) No. CIV. 94–0256, 1995 WL 117611; *Burriss v. Regency Maritime Corp.* (S.D.N.Y.1993) No. CIV. 93–0813, 1993 WL 228088; *Kientzler v. Sun Line Greece Special Shipping Co., Inc.* (S.D.N.Y.1991) 779 F.Supp. 342; *Lieb v. Royal Caribbean Cruise Line, Inc.* (S.D.N.Y.1986) 645 F.Supp. 232; *Capreol v. Cunard Line Ltd.* (S.D.N.Y. Apr. 5, 1979) No. 78 Civ. 6174; *DeCarlo v. Italian Line* (S.D.N.Y.1976) 416 F.Supp. 1136; *McQuillan v. "Italia" Societa Per Azione Di Navigazione* (S.D.N.Y.1974) 386 F.Supp. 462; *Schwartz v. S.S. Nassau* (S.D.N.Y.1963) 223 F.Supp. 374; *Mitchell v. American Export Lines* (S.D.N.Y.1960) 191 F.Supp. 145; *Furr v. Societa Italiana Transporti Marittimi, Genoa, Italy* (S.D.N.Y.1958) 162 F.Supp. 645; *Mulvihill v. Furness, Withy & Co.* (S.D.N.Y.1955) 136 F.Supp. 201.

**6.** It is unnecessary to decide whether the 15–day notice provision in the passage contracts would survive in the absence of Mississippi law setting a longer time period for such notice. In the context of plaintiffs' allegations that they were abandoned *by defendant* in a foreign country without money or passports, that provision is plainly unconscionable.

on plaintiffs' claims for negligent infliction of emotional distress is denied.[7]

SO ORDERED.

---

7. This opinion and order is not, of course, a final judgment, and therefore is not subject to appeal. Nor could it be certified under 28 U.S.C. § 1292(b) (West 1995). While it might be said to involve a "controlling question of law as to which there is a substantial ground for difference of opinion," it could not be said to "advance the ultimate termination" of this action. However, if the parties were to stipulate to a sum certain as to plaintiffs' damages should they prevail, a final judgment could be entered which would be appealable as of right. Were such final order to be reversed on appeal, we would enter final judgment dismissing the complaint. I am referring this matter to Magistrate Judge Bernikow—who has already been designated in this case—to assist the parties in reaching an amount to which they could stipulate, or, alternatively, to supervise discovery and to help the case proceed to trial expeditiously.