**Barbara JOHNSON, Jaunice Henderson, Jerry Riley and Karen Riley, Plaintiffs,**

v.

**COMMODORE CRUISE LINES, LTD., Defendant.**

94 Civ. 0191 (WK).

United States District Court, S.D. New York.

Sept. 7, 1995.

---

David J. Panitz, New York City, for plaintiffs.

Michael D. Martocci, New York City, for defendant.

WHITMAN KNAPP, Senior District Judge.

Defendant moves us to reconsider our opinion of July 25, 1995 (hereinafter "the Opinion"), which dismissed all claims in the amended complaint except for those asserting that defendant negligently inflicted emotional distress upon plaintiffs, and which considered certifying such decision for appeal pursuant to 28 U.S.C. § 1292(b) (West 1995), but declined to do so. For reasons stated herein, its motion is denied.

Defendant does not seem to understand the essence of the plaintiffs' claims. In essence they allege that, as soon as plaintiff Barbara Johnson complained of having been raped by a crew member, defendant's management became concerned that if such an accusation (whether true or false) were bruited about, passenger confidence necessary to an enjoyable cruise would be destroyed and the defendant's reputation severely damaged. Plaintiffs further allege that the methods defendant employed to avoid this result caused them severe emotional distress and other damage.

It is obvious that defendant's objectives, to enable passengers to enjoy the remainder of their voyage and to protect its own reputation, were wholly legitimate. It is also clear that these objectives could have been accomplished without causing plaintiffs emotional distress or any other injury. For example, defendant could have negotiated with plaintiffs to reach agreement on terms upon which they would have been willing to leave the voyage. Or, if such negotiations failed or seemed inappropriate, defendant could have simply put plaintiffs ashore, after making suitable provisions for their immediate housing and their subsequent homeward travel. However, it is alleged that, in reckless disregard of consequences, defendant adopted means which any reasonable person would have realized would cause plaintiffs severe emotional distress and other damage. It would be difficult to imagine a more typical allegation of negligent conduct.

Nothing in defendant's "Memorandum of Law to Support Motion To Reargue" suggests anything to the contrary. Defendant's "Point I" asserts that maritime law must govern our interpretation of plaintiffs' passage contracts. The Opinion assumed that proposition. However, our intensive research (as presumably did defendant's) failed to unearth a single decision in which 46 U.S.C.A. § 183b(a) (West 1975 & Supp.)—the only provision of maritime law cited by defendant—had been deemed to apply to allegations in any way similar to those before us. Following the logic of the Second Circuit's opinion in *Scheibel v. Agwilines, Inc.* (2d Cir.1946) 156 F.2d 636, we therefore concluded that § 183(b) was concerned only with limiting the "liability of a shipowner for events arising in the general course of shipping and navigating" and thus had no bearing on the validity of a six-month time-to-sue provision as applied to these plaintiffs' allegations of deliberate misconduct by defendant's staff. Finding maritime law silent on the issue before us, we applied New York law, under which the validity of a contract is governed by the law of the state in which the contract was made—in this instance, Mississippi. See the Opinion at 6, fn. 2, 1995 WL 441982.

Defendant's Point II suggests that the Supreme Court's decision in *Consolidated Rail Corp. v. Gottshall* (1994) —— U.S. ——, 114 S.Ct. 2396, 129 L.Ed.2d 427, supports its position that plaintiffs have failed to state claims for the negligent infliction of emotional distress. *Consolidated Rail* is exclusively concerned with defining the limits of an employer's liability to its employees under the Federal Employers' Liability Act (FELA). As the Court observed, FELA "was designed to put on the railroad industry some of the cost for the legs, eyes, arms, and lives which it consumed in its operations." —— U.S. at ——, 114 S.Ct. at 2403, *quoting Wilkerson v. McCarthy* (1949) 336

748

U.S. 53, 68, 69 S.Ct. 413, 420, 93 L.Ed. 497. It would be difficult—indeed impossible—to imagine what bearing such a decision could have on any problem presented by the factual allegations before us.

 Defendant's Point III argues that because it is alleged that defendant's various acts were deliberate, its conduct must be deemed to constitute the intentional infliction of emotional injury (suit upon which would be time-barred). The cases which defendant cites in support of this argument have nothing whatsoever to do with emotional stress or any statute of limitations. They deal only with the question of whether or not an insurance company which has insured a party against liability for negligent conduct must undertake that party's defense when it is charged with deliberately seeking to inflict specific harm against another party. *See Brooklyn Law School v. Aetna Casualty & Sur. Co.* (2d Cir.1988) 849 F.2d 788, 789 (depriving a professor of tenure); *Mary & Alice Ford Nursing Home Co. v. Fireman's Ins. Co. of Newark, New Jersey* (3d Dep't) 86 A.D.2d 736, 446 N.Y.S.2d 599, 601, *aff'd* (1982) 57 N.Y.2d 656, 454 N.Y.S.2d 74, 439 N.E.2d 883 (discharging an employer for a reason prohibited by statute); *American Home Assurance Co. v. Diamond Tours & Travel, Inc.* (1st Dep't 1980) 78 A.D.2d 801, 433 N.Y.S.2d 116 (making misrepresentations to customers); *Federal Ins. Co. v. Cablevision Systems Development Co.* (E.D.N.Y. 1986) 637 F.Supp. 1568, 1577 (violating federal and state antitrust laws; damaging physical property; interference with business relations of others; and disparaging a company's reputation through false and misleading statements).

Here, as we have seen, the purpose of defendant's alleged activities (getting plaintiffs off the ship) was neither unlawful nor necessarily harmful to the plaintiffs. Plaintiffs—unlike the various injured parties in the above-cited cases—do not assert that they could have been harmed by the achievement of defendant's objectives, but claim that they were damaged by defendant's negligence in employing harmful methods to accomplish such objectives.

Finally, defendant's Points IV and V argue, in reverse order, that we should have granted leave to appeal our ruling and should stay discovery until the final outcome of any resulting appeal. The Opinion specifically considered the possibility of a 1292(b) certificate. See the Opinion at 11, fn. 7, 1995 WL 441982. Defendant does not challenge our reason for declining to issue one. We therefore deny the relief requested under Points IV and V.

CONCLUSION

Defendant's motion is in all respects denied.

SO ORDERED.