778 So.2d 1084 (2001)
Vivian L. BOEHNEN, etc., et al., Appellants,
v.
CARNIVAL CRUISE LINES, INC., et al., Appellees.
No. 3D99-2001.
District Court of Appeal of Florida, Third District.
March 7, 2001.
Ginsberg & Schwartz, and Todd R. Schwartz; and Allison & Robertson, Miami, for appellants.
Mase & Gassenheimer, and Richard D. Lara, and Rachel S. Cohen, Miami, for appellees.
Before JORGENSON, COPE, and RAMIREZ, JJ.
RAMIREZ, J.
Vivian Boehnen and Tonya Boehnen appeal the dismissal of their original complaint *1085 and the dismissal with prejudice of their amended complaint. Because the original complaint was timely filed pursuant to 46 U.S.C.App. § 183b(c), we reverse.
On September 10, 1995, Tonya Boehnen accompanied her mother Vivian Boehnen on a seven day cruise aboard Carnival's cruise ship "Sensation." At the time of the cruise, Tonya was a nineteen year old mentally handicapped young woman with the intellectual capacity of a fourth grade student. During the cruise, Tonya was sexually assaulted by Froilan Mariano, a thirty-seven year old entertainer employed by Carnival. As a result, Tonya became pregnant and, in June 1996, gave birth to a boy.
On September 10, 1998, Tonya brought suit against Carnival, in her own capacity, alleging breach of contract of carriage and vicarious liability for sexual assault and battery. The trial court dismissed the claims as time barred due to a provision on the ticket which required any action against Carnival to be brought within one year of the alleged injury. Vivian then had Tonya formally declared incompetent, had herself appointed as limited Guardian, and filed an amended complaint on Tonya's behalf on March 29, 1999. The trial court held that the action was still time barred and dismissed the amended complaint with prejudice.
The statute of limitations for a maritime injury action is usually three years. See 46 U.S.C.App. § 763a. Vessel owners may validly shorten the time limitation period to not less than one year. See 46 U.S.C.App. § 183b(a); see also Spataro v. Kloster Cruise Ltd., 894 F.2d 44 (2d Cir. 1990). However, the shortened limitation period shall not be applicable to mentally incompetent persons when no legal guardian has been appointed; see 46 U.S.C.App. § 183b(c), which provides that:
If a person who is entitled to recover on any such claim is mentally incompetent or a minor, or if the action is one for wrongful death, any lawful limitation of time prescribed in such contract shall not be applicable so long as no legal representative has been appointed for such incompetent, minor, or decedent's estate, but shall be applicable from the date of the appointment of such legal representative: Provided, however, That such appointment be made within three years after the date of such death or injury.
Carnival argues that a mentally incompetent person loses the safe haven provided by § 183b(c) if no legal guardian is appointed within three years from the date of injury. We disagree.
"The provision for appointing a guardian within 3 years is not an end in itself, but an outside limit on how long the time may be extended by reason of the [incompetency] of the claimant." Powell v. Compagnie Generale Transatlantique, Ltd., 47 Misc.2d 670, 263 N.Y.S.2d 17, 18 (N.Y.App. Term 1965); but see Mitchell v. American Export Lines, 191 F.Supp. 145 (S.D.N.Y. 1960) (one year suit limitation provision upheld where appointment of guardian and filing of complaint by guardian occurred more than three years after injury); Burd v. Compagnie Generale Transatlantique, 157 F.Supp. 52, 53-54 (E.D.N.Y.1957) (complaint filed by guardian within three years of injury was time barred because guardian was not officially appointed within three years). We conclude that the statute allows a mentally incompetent person without a legal guardian to bring an action up to three years from the date of injury. Tonya Boehnen is a mentally incompetent person and, as such, was protected by § 183b(c) when she filed her original complaint within three years from the date of her injury. Consequently, Tonya's original complaint was timely filed and we need not address the timeliness of Vivian Boehnen's amended complaint.
Reversed and remanded.