C. F. Rule Construction Co., Plaintiff in Error,

*v.*

Cumberland River Sand Co., Defendant in Error.

(*Nashville,* December Term, 1958.)

Opinion filed January 23, 1959.

HARDIN H. CONN, Nashville, for plaintiff in error. STANLY T. SNODGRASS and GRAHAM B. BOYCE, Nashville, of counsel.

BASS, BERRY & SIMS, WILSON SIMS, Nashville, for defendant in error.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

Before stating the questions to be decided on this appeal, it is necessary to make a brief statement of the proceedings leading up to same.

This suit arose out of a collision between a barge tow moving upstream in the Cumberland River with a bridge pier in course of construction. The bridge pier was being constructed by the C. F. Rule Construction Company during the year 1951 for the new bridge known as the Victory Memorial Bridge across the Cumberland River within the City limits of Nashville. The towboat and barges belonged to and were being operated by the Cumberland River Sand Company.

The Construction Company filed its declaration at common law in the Circuit Court of Davidson County alleging damages in the amount of $10,000 due to the loss of a number of blocks of granite which were caused to fall into the river but which could not be retrieved. The declaration consisted of one count alleging negligence on the part of the defendant in overloading said barges excessively for the capacity of the tugboat towing same and negligent, careless, reckless, wrongful and unlawful operation of same under the circumstances whereby said tow collided with the bridge pier.

Subsequently a second count was added, the gravamen of which was the alleged violation of the "Pilot Rules for the Western Rivers in Red River of the North", issued and promulgated by the United States Coast Guard, etc., 33 U.S.C.A. sec. 302 *et seq.* A plea of the general issue was filed and thereafter before a jury was empanelled the defendant moved to the Court to dismiss the cause on ground that the Court had no jurisdiction of the subject matter involved, the cause allegedly being one of admiralty jurisdiction. The motion was taken under advisement and subsequently plaintiff was allowed to strike the aforesaid count two of his declaration. The court having considered the motion and the brief submitted pro and con held that the case presented questions of admiralty or maritime law and that the exclusive jurisdiction to hear same was in the Federal Courts and, therefore, the suit was dismissed without prejudice.

The first question is whether or not the motion to dismiss for lack of jurisdiction came too late. It is well settled that, while jurisdiction of the person may be waived or conferred by consent, jurisdiction of the subject

matter can not be and the question may be raised at any stage of the proceedings. *Hamm v. Hamm,* 30 Tenn.App. 122, 146, 204 S.W.2d 113, 175 A.L.R. 523; *Brown v. Brown,* 198 Tenn. 600, 281 S.W.2d 492.

Two other questions are presented: first, whether the state court had jurisdiction to try this cause of action; and second, if it did, are the rights of the parties to be determined by the common law or by the law of the sea, i. e., admiralty.

We think that these last two questions may be answered without much discussion of cases but simply by reference to Benedict on Admiralty (6th Edition A. W. Knauth) and by reference to a similar discussion in American Jurisprudence.

All of us are aware of the fact that the Constitution of the United States provides that its judicial power shall extend to "all cases of admiralty and maritime jurisdiction." 1 Benedict, *supra,* p. 33, Sec. 20.

It is there further said:

"This does not mean that every case touching a ship or her affairs must necessarily be heard by a Federal court sitting in admiralty. The common law courts always had jurisdiction of a cause of action against a ship owner in contract or in tort, when it could be reached personally and money damages only were demanded. That right was not excluded by the admiralty grant in the Constitution and the concurrent right also to hear such cases as well as other cases of admiralty jurisdiction was immediately given to the newly constituted Federal judiciary. The jurisdiction of the admiralty and of the common law jurisdiction, when con-

current with admiralty jurisdiction, may be exercised by State courts or, within the limitations of the Constitution and of the Acts of Congress, by United States District Courts on the common law side.''

Under Sec. 21 it is pointed out that the Judiciary Act which in 1789 established the United States Courts and defined their jurisdiction, provided that United States District Courts should have ''exclusive original cognizance of all civil causes of admiralty and maritime jurisdiction,'' etc., ''saving to suitors, in all cases, the right of a common law remedy, where the common law is competent to give it.''

In Sec. 22, referring to Concurrent Remedy *In Personam,* it is stated:

''The common law remedy saved to suitors is the right to proceed *in personam* against the defendant, which remedy the common law is competent to give. Therefore a direct suit against the ship owner, e. g., to recover seamen's wages or damages for collision, or for breach of charter or other personal demand, where jurisdiction of the person of the defendant can be secured, may be brought either in admiralty or at common law, the two courts having in this respect concurrent jurisdiction. * * * Actions for bodily injury and death are frequently brought on the common law side by seamen, passengers and others, whenever the common law jurisdictional requirements can be satisfied, for the purpose of obtaining a jury trial; * * *.''

The text further provides that all such actions except seamen's actions under the Jones Act, 46 U.S.C.A. sec. 688, may be removed as between State and Federal courts

upon the principles which govern the removal of cases generally, but can not, by the mechanism of removal, be transferred from the common law to the admiralty side of the Federal Court.

On the other hand, Sec. 23 points out that the distinctive remedy of admiralty is the right to proceed *in rem* and jurisdiction thereof is exclusive in the United States courts sitting in admiralty.

■ Accordingly, therefore, the first part of this double question must be answered that this suit was properly filed in the State court, since it is an *in personam* action with personal service on the defendant and plaintiff was entitled to have a jury pass on the question of liability.

The next part of the question, however, calls for an explanation of what is meant by the common law remedy preserved.

■ A very good statement will be found in *Jansson v. Swedish American Line*, 1 Cir., 185 F.2d 212, 216, 30 A.L.R.2d 1385, wherein the court after stating that in the corresponding provision of the 1948 revision of the Judicial Code, 28 U.S.C.A. sec. 1333, the language of the saving clause has been changed somewhat in phraseology but not in intent, then quotes from The Moses Taylor, 1866, 4 Wall. 411, 431, 18 L.Ed. 397, as follows:

"It is not a remedy in the common-law courts which is saved, but a common law remedy."

The opinion further states:

"So, the common law courts may give the conventional remedy of an action of damages, for injuries resulting from unseaworthiness of a vessel or from other

maritime torts, or for breach of a shipowner's obligation to furnish 'maintenance and cure' to a seaman injured in the service of the ship. But, as pointed out in *Chelentis v. Luckenbach S.S. Co., Inc.*, 1918, 247 U.S. 372, 384, 38 S.Ct. 501, 504, 62 L.Ed. 1171, while 'under the saving clause a right sanctioned by maritime law may be enforced through any appropriate remedy recognized at common law', the complaining party was not thereby given 'an election to determine whether the defendant's liability shall be measured by common-law standards rather than those of the maritime law.' We take it now to be established by an impressive body of precedent that when a common-law action is brought, whether in a state or in a federal court, to enforce a cause of action cognizable in admiralty, the substantive law to be applied is the same as would be applied by an admiralty court—that is, the general maritime law, as developed and declared, in the last analysis by the Supreme Court of the United States or as modified from time to time by act of Congress * * * (authorities cited)."

In 1 Am.Jur. 558, Sec. 19, third paragraph, it is succinctly expressed thus:

"It is only the privilege to prosecute for a maritime tort in the common-law courts which is saved, not the right of election to determine that the defendant's liability is to be measured by common-law, rather than by maritime, standards. He has his remedy at common law, but his recovery and the precise relief to be afforded him are determined by the admiralty law, which is applied whether he sues in the common-law or in the admiralty court. He may pursue his remedy at

common-law in the state court, but that court must administer the admiralty law. He may select his court, but cannot add to or change his rights or the defendant's rights, which are the same in both forums."

Finally, in Sec. 26 of Benedict, *supra,* pp. 54 and 55, it is said:

"In actions in tort between parties having no contractual relation, it has long been considered that the common-law courts should apply their own rules as to the amount of recovery and the effect of contributory negligence. (*Belden v. Chase,* 1893, 150 U.S. 674, [14 S.Ct. 264, 37 L.Ed. 1218]). The opinion now obtains, however, that the relation of the common-law courts to a maritime cause of action was fundamentally developed in 1918 by the opinion in the case of *Chelentis v. Luckenbach* (*supra*). The view now is that maritime rights are to be determined according to maritime law not only whenever the parties seek a maritime remedy in the admiralty court but also whenever they seek a common-law remedy under the 'saving clause' of the Judiciary Act of 1789." (Parenthesis supplied)

Then in the 1958 Supplement to Sec. 26 of Benedict *supra,* reference is made to the 1953 decision of the U. S. Supreme Court in *Pope & Talbot, Inc. v. Hawn,* 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143, 1954 A.M.C. 1.

The text of the Supplement states in part:

"The Supreme Court dealt with the contention that the issue of contributory negligence should be determined according to the common-law rule with the comment that the harsh rule of the common-law was completely incompatible with the modern admiralty policy

and practice which allows such consideration of contributory negligence in mitigation of damages as justice requires. *Belden v. Chase,* although not expressly overruled, is indirectly referred to as a 'discredited doctrine.' As to a claim that the issue of contributory negligence should have been determined by the law of Pennsylvania (which would have allowed recovery) the court held in dealing with maritime rights, the federal maritime law is controlling, that while a State may sometimes supplement maritime policies, it may not deprive a person of any substantial admiralty rights as defined in controlling acts of Congress or by the interpretive decisions of the Supreme Court. Nor did the State law become applicable because the district court's jurisdiction rested on diversity of citizenship.''

Thus, as shown in the Supplement, the abandonment of the doctrine of *Belden v. Chase,* first above quoted under Sec. 26, would now seem to be complete with the said 1953 decision.

Before closing this opinion, it might make for clearness to point out that in Sec. 127 of Benedict, *supra,* it is said:

''Every species of tort, however occurring and whether on board a vessel or not, upon the high seas or navigable waters, the Supreme Court has said, is of admiralty cognizance.''

There have been some exceptions to this general statement but the same are not here applicable.

Also, before the Act of June 1948, 62 Stat. 496, 46 U.S.C.A. sec. 740, admiralty jurisdiction did not embrace damage or injury to persons or property done or con-

summated on land; the damage herein involved falls in that category but said act now includes same.

We are, therefore, of opinion that the court was in error in dismissing the suit and the judgment below is, therefore, reversed and remanded for trial with instructions that the relief to which plaintiff is entitled is to be determined in accordance with the opinion herein.