# CHESTER I. POSS v. DIXIE SAND AND GRAVEL COMPANY.—458 S.W.2d 625.

Eastern Section. May 11, 1970.

Rehearing Denied June 17, 1970.

Ceritorari Denied by Supreme Court September 21, 1970.

Raymond A. Prater, Chattanooga, for appellant.

Gearinger & Vineyard, Chattanooga, for appellee.

COOPER, J. This is an appeal by Chester I. Poss from a judgment entered in the Circuit Court of Hamilton County dismissing the tort action brought by him against the Dixie Sand and Gravel Company.

Mr. Poss was injured when the cabin cruiser, on which he was riding as a passenger, was in collision with a barge belonging to the defendant Dixie Sand and Gravel Company. The collision occurred at about 7:30 P.M. on the 30th day of March, 1968, in the Tennessee River near the dock of the defendant.

In his declaration, Mr. Poss averred the collision occurred in the main channel of the Tennessee River, a navigable stream, and charged that it resulted from the negligence of the defendant (1) in failing to have warning lights on the barge, and (2) on mooring the barge so

that it obstructed a part of the main channel of the river. The plaintiff also charged that the defendant, by failing to post proper warning lights on the moored barges, violated the provisions of 33 U.S.C.A. Sec. 311 and Sec. 322(a) and (b) and the navigation requirements promulgated by the United States Coast Guard pursuant to the authority granted by 33 U.S.C. Sec. 316 Codified Part 95 of Title 33, Code of Federal Regulations Section 95.35 (1) and (2).

The defendant filed special pleas denying the allegations of negligence, both common law and statutory. The defendant charged the accident was due to the negligence of the operator of the motor cruiser in "running at an excessive speed" under weather conditions which made the river unsafe for the cruiser; and, that the plaintiff, having knowledge of the dangerous condition of the river was guilty of proximate contributory negligence in acquiescing in the manner of operation of the cruiser.

The jury resolved the issues submitted to it in favor of the defendant.

Plaintiff moved for a new trial, contending that the trial judge committed reversible error in instructing the jurors that, if they found the plaintiff to be guilty of proximate contributory negligence, they were to return a verdict for the defendant.

The trial judge overruled plaintiff's motion for a new trial, and entered judgment on the jury's verdict. This appeal resulted.

▮ Where suit is brought in a state court to enforce a cause of action cognizable in admiralty, the rights of the parties are to be determined by admiralty law rather

than the common law. C. F. Rule Construction Co. v. Cumberland River Sand Co., 204 Tenn. 378, 321 S.W.2d 791; Pope & Talbot, Inc. v. Hawn, 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143. See also Jansson v. Swedish American Line, 1 Cir., 185 F.2d 212, 216, 30 A.L.R.2d 1385, wherein the court says:

"We take it now to be established by an impressive body of precedent that when a common-law action is brought, whether in a state or in a federal court, to enforce a cause of action cognizable in admiralty, the substantive law to be applied is the same as would be applied by an admiralty court—that is, the general maritime law, as developed and declared in the last analysis by the Supreme Court of the United States or is modified from time to time by act of Congress * * * (authorities cited.)"

In 2 Am.Jur.2nd, Admiralty, Sec. 187, p. 833, it is pointed out that:

"Contributory negligence is not an absolute defense in admiralty, since the doctrine of comparative negligence prevails. Under this doctrine, contributory negligence only diminishes the amount of recovery." See also C. F. Rule Construction Co. v. Cumberland River Sand Company, supra; Pope & Talbot, Inc. v. Hawn, supra; The Max Morris, 137 U.S. 1, 11 S.Ct. 29, 34 L.Ed. 586; Benedict on Admiralty (6th Edition), Section 26 and supplement thereto.

■ The trial judge in the case now under consideration did not instruct the jury on the comparative negligence doctrine and its effect, but instructed the jury according to the common-law rule that proximate contributory negligence on the part of the plaintiff, if found to exist, would completely bar plaintiff's recovery. This

was error of such a nature as to mislead the jury on a material issue under the pleadings and evidence in the case and, in our opinion, was prejudical to the plaintiff.

The defendant, in argument and in his brief, insists that "all counsel agreed and stipulated that for the purpose of the trial the cause would be tried upon the common law similar to automobile cases;" and that, having entered into this agreement and having failed to object to the trial judge's charge on contributory negligence, the plaintiff should not now be permitted to change his theory and insist on a new trial based on admiralty law.

We see no need to discuss the effect of an agreement by the parties to try a cause upon the common law rather than admiralty law where, as in this case, the existence of the agreement is sharply disputed by counsel and the record does not show the existence of such an agreement. So far as the technical record and the bill of exceptions show, and they are what set forth the theory of the case and the bounds of evidence we can consider, the plaintiff sought recovery under applicable admiralty law and waived no rights he might have thereunder.

■ As to the insistence that plaintiff should be penalized for his failure to object to the judge's charge at the time it was given, our supreme court has held on numerous occasions that "where a charge as given contains errors of such a nature as to mislead the jury on a material question in the case it is our duty to correct the error, *whether the error is pointed out by special request or not.*" (emphasis supplied) McClard v. Reid, 190 Tenn. 337, 229 S.W.2d 505, 508 and cases there cited.

The judgment of the trial court is reversed and the cause is remanded for a new trial. Costs of the appeal are adjudged against the Dixie Sand and Gravel Company. Costs in the trial court will await the outcome of the new trial.

McAmis, P. J., and Parrott, J., concur.

## PETITION TO REHEAR

COOPER, J.

Counsel for the defendant has filed a petition to rehear taking issue with this court's conclusion that the erroneous instruction by the trial judge on the issue of contributory negligence ''was error of such a nature as to mislead the jury on a material issue under the pleadings and evidence in the case, and, in our opinion, was prejudicial to the plaintiff.'' We have considered argument of counsel, though its presents no new issues or new basic authority, and find no justification for us to change our opinion.

The petition to rehear is therefore overruled. Costs incident to the petition are adjudged against the defendant, Dixie Sand and Gravel Company.

McAmis, P. J., and Parrott, J., concur.