**Cathy SPATARO and Salvatore Spataro, Appellants,**

v.

**KLOSTER CRUISE, LIMITED d/b/a Norwegian Caribbean Lines, Appellee.**

**No. 373, Docket 89–7257.**

United States Court of Appeals, Second Circuit.

Argued Nov. 22, 1989.

Decided Jan. 10, 1990.

Marc Reibman, Brooklyn, NY, for appellants.

Peter A. Junge, New York City (Richard M. Fricke, Lilly Sullivan Purcell Barkan & Junge, P.C., of counsel), for appellee.

Before OAKES, Chief Judge,
TIMBERS and CARDAMONE, Circuit Judges.

PER CURIAM:

This case concerns a problem which, judging from the cases appearing in the federal casebooks, has beset a fair number of people who have had accidents while vacationing on pleasure cruises.

The appellants, Cathy and Salvatore Spataro, were passengers on the SS Norway, a cruise liner operated by appellee Kloster Cruise, Limited. According to the Spataros, on July 19, 1987, one of Kloster Cruise's stewards negligently placed a breakfast tray in their cabin, with the result that hot coffee spilled and burned Ms. Spataro's leg. The record indicates that the Spataros had retained counsel, at the very latest, by November 18, 1987. With the assistance of counsel, the Spataros subsequently sued Kloster Cruise, seeking recovery for Ms. Spataro's physical injury and Mr. Spataro's loss of consortium. The complaint was served on November 10, 1988, and Kloster Cruise removed to federal court on November 28, 1988.

A clause in the contract of passage on the ticket furnished by Kloster Cruise to the Spataros provided, "[I]n no event shall any suit for any cause against the carrier with respect to ... personal injury ... be maintainable, unless suit shall be commenced within one (1) year from the day when the ... personal injury ... occurred...." The Spataros' complaint was initiated after the one-year contractual limitations period had expired.

By an order dated March 1, 1989, the United States District Court for the Eastern District of New York, Mark A. Costantino, Judge, found the one-year contractual limitations period valid and accordingly granted summary judgment to Kloster Cruise. On appeal, the Spataros challenge the validity of Kloster Cruise's contractual limitations period. For the reasons discussed below, we affirm.

## DISCUSSION

Federal law places at least two constraints upon a sea carrier's use of a contractual limitations period. First, a federal statute requires that any such limitations period allow the passenger at least one year from the date of injury to sue. *See* 46 U.S.C. App. § 183b(a) (Supp. V 1987). Kloster Cruise's limitations period complies with this provision.

Second, courts decline to incorporate a limitations period into a passenger ticket contract when the ticket does not sufficiently alert the passengers as to the restriction on their rights. The seminal case in this regard is *Silvestri v. Italia Societa Per Azioni Di Navigazione*, 388 F.2d 11 (2d Cir.1968), an opinion written by Judge Friendly refusing to enforce a sea carrier's contractual limitations period on grounds that the carrier had failed "to impress the importance of the terms and conditions upon the passenger." *See id.* at 17.

*Silvestri* leaves some ambiguity as to the standard a sea carrier must satisfy to limit the time in which a passenger may sue. Prior to examining the ticket at issue in *Silvestri*, Judge Friendly canvassed precedent and concluded that "the thread that runs implicitly through the cases sustaining incorporation [of contractual limitations periods] is that the steamship line had done *all it reasonably could* to warn the passenger that the terms and conditions were

important matters of contract affecting his legal rights." *See id.* (emphasis added). Other circuits and district courts within our circuit have taken note of *Silvestri's* "all it reasonably could" language and, by and large, have read it to stand for a standard of reasonable communicativeness.[1] Likewise, we interpret *Silvestri* to require that sea carriers reasonably communicate any limitations period to their passengers.

█ The ticket at issue constituted eight pages, approximately three-and-one-half inches high and eight inches wide—comparable to a typical airline ticket. The first page bore the insignia of Norwegian Caribbean Lines, the name under which Kloster Cruise was doing business. The second page, which was highlighted with the headline "IMPORTANT!", requested, in bold lettering and large type, that passengers identify their baggage and complete their embarkation cards before arriving for the cruise. The parties have not furnished the third or fourth pages. The fifth page is the passenger copy of the pertinent trip information. The top of the fifth page contains Norwegian Caribbean Lines' insignia in heavy bold letters and large type. Most of the remainder of the fifth page lists things such as the passengers' names, the date of departure, the cabin number, and the fare. The bottom left-hand corner of the fifth page is boxed off in red print and contains a caution, also in red print. The caution starts with "NOTICE," displayed in medium-sized lettering. Then, in much smaller letters, the caution continues "THE PASSENGER'S ATTENTION IS SPECIFICALLY DIRECTED TO THE TERMS AND CONDITIONS OF THIS CONTRACT APPEARING ON PAGES 6, 7, AND 8." At the top of the sixth page,

the ticket states in bold letters, "Passengers are advised to read the terms and conditions of the Passenger Contract Ticket set forth below. Acceptance of the Passenger Contract Ticket by Passenger shall constitute the Agreement of Passenger to these Terms and Conditions." Pages six through eight then follow with twenty-eight numbered paragraphs, all in small type, setting forth various limits upon Kloster Cruise's potential liability. The provision limiting personal injury suits to those brought within one year of the date of injury appears at page seven, paragraph thirteen.

We find that Kloster Cruise's ticket reasonably communicated the contractual limitations period to the Spataros. The boxed warning on page five gives reasonable and sufficiently conspicuous notice to passengers that the contents of the three pages which follow it incorporate the contractual terms governing the parties' rights and liabilities. The Spataros assert that because the incorporation provision appears on the fifth, and not the first, page of the ticket packet, it is *per se* invalid. We decline to impose so rigid a rule. Kloster Cruise did not bury the incorporation provision where its passengers could not find it, but instead placed it upon the page that passengers would be most likely to read, the page containing the information most relevant to passengers, such as the fare and the date of departure.

The incorporation provision directed passengers to page six, which began with the above-cited warning advising passengers to read the conditions listed below. While the twenty-eight numbered paragraphs which then follow make for rather agonizing reading, had the Spataros—or their attorney—made an effort to read pages six,

---

1. For cases from other circuits, *see, e.g., Marek v. Marpan Two, Inc.,* 817 F.2d 242, 245 (3d Cir.), *cert. denied,* 484 U.S. 852, 108 S.Ct. 155, 98 L.Ed.2d 110 (1987); *Shankles v. Costa Armatori, S.P.A.,* 722 F.2d 861, 864, 866 (1st Cir.1983); *Barbachym v. Costa Line, Inc.,* 713 F.2d 216, 219 (6th Cir.1983) (adopting "reasonable notice" standard); *DeNicola v. Cunard Line Ltd.,* 642 F.2d 5, 9 (1st Cir.1981); *Carpenter v. Klosters Rederi A/S,* 604 F.2d 11, 13 (5th Cir.1979) (adopting "adequate notice" standard).

For district court cases from this circuit, *see, e.g., Lieb v. Royal Caribbean Cruise Line, Inc.,* 645 F.Supp. 232, 234 (S.D.N.Y.1986); *Arno v. Costa Line, Inc.,* 589 F.Supp. 1576, 1578 n. 3 (E.D.N.Y.1984); *Raskin v. Compania de Vapores Realma, S.P.,* 521 F.Supp. 337, 340 (S.D.N.Y. 1981); *DeCarlo v. Italian Line,* 416 F.Supp. 1136 (S.D.N.Y.1976); *McQuillan v. "Italia" Societa Per Azione Di Navigazione,* 386 F.Supp. 462, 465 (S.D.N.Y.1974), *aff'd mem.,* 516 F.2d 896 (2d Cir.1975); *Lipton v. National Hellenic American Lines,* 294 F.Supp. 308, 311 (E.D.N.Y.1968).

seven, and eight, they would have come across clear and unambiguous language requiring them to sue within a year of the accident. Unlike cases in which a passenger ticket furnishes only vague and inconspicuous hints that provisions within it limit the time in which a passenger may sue, *see Silvestri*, 388 F.2d at 14; *Raskin v. Compania de Vapores Realma, S.P.*, 521 F.Supp. 337, 341–42 (S.D.N.Y.1981), in this case, Kloster Cruise has made the limitations period sufficiently clear to its passengers.

Finally, the Spataros argue that both the incorporation statement on page five and the provision limiting the time period for personal injury suits on page seven are defective, because their lettering is neither as bold nor as large as the warning on the second page pertaining to marking of luggage and completion of embarkation cards. That Kloster Cruise chose to make a comparatively greater effort to direct passengers' attention to potential luggage and boarding difficulties than to the consequences of accidents is immaterial to whether the ticket reasonably communicated to passengers what they needed to know to protect their rights in case of an injury on board.

Judgment affirmed.