Harry VAVOULES, Plaintiff,

v.

**KLOSTER CRUISE LIMITED**
d/b/a Norwegian Cruise
Line, Defendant.

No. CV93–1475.

United States District Court,
E.D. New York.

June 9, 1993.

Michael I. Gandin, Gandin, Schotsky & Rappaport, Melville, NY, for plaintiff.

Peter A. Junge, Lilly Sullivan Purcell Barkan & Junge, New York City, for defendant.

## MEMORANDUM AND ORDER

WEINSTEIN, Senior District Judge.

This case raises the interesting question of whether a contract between a cruise ship line and a passenger should be treated under the admiralty law, applying a one year statute of limitations, or under the law governing consumer contracts for resorts, providing longer times to bring suit for injury. Hoary tradition requires the court to follow the former model even though public policy and expectations of lay passengers may lean towards the latter. The problem is one that requires an answer by Congress rather than by the courts.

The issue is an important one. The cruise industry is booming. Since the 1980's, the number of cruise ship passengers embarking at United States ports has grown at the rate of eight to ten percent per year with no decrease in sight. Betsy Wade, *Cruise Ships: How Safe?*, N.Y. Times, May 23, 1993, Sec. 5 at 3. Projections show an anticipated ten percent yearly growth through 1997. *Cruise Lines: Industry Outlook Industry Overview*, Travel Weekly, Jan 2, 1992 at S12. More than 4.2 million people cruised in 1992 and it is predicted that that number will reach five million this year. *Carnival Goes Looking for New Cruisers*, So. China Morning Post Ltd., Apr. 22, 1993 at 10. This "fastest growing segment of the leisure travel industry" has been called "recession-resistant." *Cruise Lines: Industry Outlook Industry Overview*, Travel Weekly, Jan 2, 1992 at S12. Even during the Persian Gulf War, when travel was almost at a standstill, cruising was not severely affected. *Id.*

## I. FACTS

Plaintiff Harry Vavoules was allegedly injured on September 26, 1991 on one such cruise when an unsecured trolley loaded with glasses and other objects rolled into him while he was in the Observation Lounge of the M/V Westward, a cruise ship owned by defendant. He claims damages for personal injuries in the amount of $1 million plus $1569.62 for damage to his video equipment.

Plaintiff's counsel communicated in writing with defendant's claims representative between November 5, 1991 and March 20, 1992. The complaint was not filed until February 22, 1993, seventeen months after the injury allegedly occurred. Defendant removed the case to federal court on the basis of diversity and maritime jurisdiction.

The passenger ticket contract that plaintiff was issued included the following provision in clear and easily readable print:

> ... [I]n no event shall any suit for any cause including, without limitation, suits brought in rem and suits brought in personam be maintained against the Vessel or the Carrier with respect to ... personal injury ... be maintainable unless suit shall be commenced *within one (1) year from day when the ... personal injury ... of the passenger occurred, notwithstanding any provision of law of any state or country to the contrary.* (emphasis supplied).

Warnings appeared on each of the first four pages of the ticket in obvious red and white lettering. The relevant paragraph is number 13 of 28. The "one-year" warning was in bold type. Plaintiff received the ticket in advance of boarding the vessel. At the time of boarding, only the third leaf was removed so plaintiff retained the relevant warnings.

Defendant claims that this one-year limit on the time for filing claims and commencing actions is authorized by statute and not contrary to public policy. It moves for summary judgment on the ground that the action is time-barred, relying on its contention that the ticket "reasonably communicated" the time limitation to plaintiff.

Plaintiff concedes the binding nature of the one-year statute of limitations, but argues that under conflicts of laws principles, the contract, which by its terms appears to be governed by Florida law, is void as against public policy. Although plaintiff cites no case to support his theory, he relies upon the four year Florida statute of limitations. F.S.A. § 95.11. Attempts to shorten this period are against Florida public policy:

Any provision in a contract fixing the period of time within which an action arising out of the contract may be begun at a time less than that provided by the applicable statute of limitations is void.

F.S.A. § 95.03.

Plaintiff also contends that the contractual language is ambiguous. This contention does not warrant discussion.

## II. LAW

### A. *Validity of Limitation on Statute of Limitations*

■ Carriers by sea may impose a contractual limitation period if 1) the passenger is allowed at least one year from date of injury to sue and 2) the ticket sufficiently alerts the passenger to the restriction. *See* 46 U.S.C. § 183b(a); *Spataro v. Kloster Cruise, Ltd.*, 894 F.2d 44 (2d Cir.1990).

In *Spataro* plaintiffs served their complaint for personal injury sixteen months after the injury allegedly occurred. The Court of Appeals affirmed the district court's finding that the one-year contractual limitation in the ticket was valid. The court's analysis began with Judge Friendly's opinion in *Silvestri v. Italia Societa per Azioni di Navigazioni*, 388 F.2d 11, 17 (2d Cir.1968) (sea carrier must "impress the importance of the terms and conditions upon the passenger" and do "all it reasonably [can] to warn the passenger that the terms and conditions [are] important matters of contract affecting his legal rights."). The *Spataro* court then visited opinions of other circuits that had construed *Silvestri* and determined that the standard to be applied was one of "reasonable communicativeness." *Spataro*, 894 F.2d at 46.

The ticket approved in *Spataro* consisted of eight pages with twenty-eight numbered paragraphs with terms and conditions. The limitation on liability was at paragraph thirteen.

Other courts have routinely found that similarly displayed limitations reasonably communicate the restriction to plaintiff-passengers. *See Vitanza v. Norwegian Cruise Line, a Division of Kloster Cruise Line*, CV92–4766 (Amon J., Jan. 13, 1993) (summary judgment granted based on the identical ticket in issue in the instant case, relying on *Spataro* ); *Schenck v. Kloster Cruise, Ltd.*, 800 F.Supp. 120 (D.N.J.1992), *aff'd*, 993 F.2d 225 (3d Cir.1993); *Marek v. Marpan Two, Inc.*, 817 F.2d 242 (3d Cir.), *cert. denied*, 484 U.S. 852, 108 S.Ct. 155, 98 L.Ed.2d 110 (1987); *Ciliberto v. Carnival Cruise Lines, Inc.*, 1986 A.M.C. 2317, 1986 WL 2560 (E.D.Pa.1986) (limitation applied even though passenger never saw ticket purchased by traveling companion and the warning appeared only on the second page of the passenger copy of the ticket); *DeNicola v. Cunard Line, Ltd.*, 642 F.2d 5, 10–11 (1st Cir. 1981); *McQuillan v. Italia Societa per Azioni di Navigazioni*, 386 F.Supp. 462, 466 (S.D.N.Y.1974), *aff'd*, 516 F.2d 896 (2d Cir. 1975); *Lipton v. National Hellenic Am. Lines*, 294 F.Supp. 308, 311 (E.D.N.Y.1968).

■ Failure to read a ticket will not relieve a passenger of the contractual limitation. *Marek v. Marpan Two, Inc.*, 817 F.2d 242, 247 (3d Cir.), *cert. denied*, 484 U.S. 852, 108 S.Ct. 155, 98 L.Ed.2d 110 (1987) (plaintiffs, who received their tickets only moments before boarding the ship and had not had a chance to read the conditions in advance of sailing, could not blame others for failure to read it within six months of the accident). *See also DeCarlo v. Italian Line*, 416 F.Supp. 1136 (S.D.N.Y.1976) (passenger who never saw ticket charged with notice of the provision where ticket was purchased by an agent). Where a plaintiff retains counsel within the one-year period, the assumption of notice is enhanced. *See, e.g., Angello v. Queen Elizabeth 2*, 1987 A.M.C. 1150, 1154 n. 5, 1986 WL 15539 (D.N.J.1986); *DeNicola v. Cunard Line, Ltd.*, 642 F.2d 5, 11 (1st Cir. 1981).

Courts have rejected time limitations only in situations where the condition is "camouflaged in Lilliputian print" (*Lisi v. Alitalia–Linee Aeree Italiane*, 253 F.Supp. 237, 243 (S.D.N.Y.), *aff'd*, 370 F.2d 508 (2d Cir.1966)), or where the paragraph is "so muddled or illegible as to be unenforceable." *Gardner v. Greek Line*, 388 F.Supp. 856, 858 (M.D.Pa. 1975) (approving provision even though the

typeface could be improved by use of bold headings).

## B. *Conflicts of Laws*

 It is now settled that a passenger cruise ticket is a maritime contract and the limitations law to be applied in a personal injury action is federal maritime law. *See, e.g., Carnival Cruise Lines, Inc. v. Shute,* — U.S. —, —, 111 S.Ct. 1522, 1525, 113 L.Ed.2d 622 (1991) (dispute over validity of forum selection clause in a passenger cruise ticket presents an issue in admiralty); *Milanovich v. Costa Crociere, S.p.A.,* 954 F.2d 763, 766 (D.C.Cir.1992) (a cruise ticket is a maritime contract and the law to be applied is general federal maritime law). Accordingly, plaintiff cannot defeat defendant's motion by relying on the more favorable Florida statute of limitations.

The Second Circuit considered the identical statute of limitations conflict almost a half a century ago in *Scheibel v. Agwilines, Inc.,* 156 F.2d 636 (2d Cir.1946). The plaintiff argued that F.S.A. § 95.03 rendered a ticket limitation void because F.S.A. § 95.11 allowed four years to bring a personal injury action. The court held that the federal statute was preemptive because 46 U.S.C. § 183b "is a declaration of Congressional policy as to lawful contractual limitations and one which in the interest of uniformity should be construed to exclude state statutes of limitations." *Id.* at 638.

*Scheibel* was examined a few years later by the First Circuit in *Jansson v. Swedish American Line,* 185 F.2d 212 (1st Cir.1950). In approving the analysis and result, the court explained:

> Florida could no more by statute invalidate a provision of a maritime contract made within its borders than could California by its statute of frauds invalidate an oral maritime contract made there.... The Florida statute was not "recognized and taken up as part of the admiralty jurisprudence of the United States" because of the controlling effect of an act of Congress, which has paramount legislative power as to matters within the admiralty and maritime jurisdiction of the United States.... Section 183b was accepted as a declaration

that it was not against the public policy of the United States for a shipowner to stipulate for a one-year period of limitation. This period Congress evidently regarded as a reasonable one, affording the passenger ample opportunity to enforce his rights. Therefore, the court, which was applying not the local law of Florida but the general maritime law of the United States, held valid the time limitation in the maritime contract made in Florida.

*Id.* at 221.

Since *Scheibel,* courts, without exception, have applied federal maritime law in cases involving passenger cruise tickets and other maritime contracts. *See, e.g., Wilbrun Boat Co. v. Fireman's Fund Ins. Co.,* 348 U.S. 310, 327, 75 S.Ct. 368, 378, 99 L.Ed. 337 (1955) ("One rule of law stands unquestioned. That is that all courts, state and federal, which have jurisdiction to enforce maritime or admiralty substantive rights must do so according to federal admiralty law."); *Pope and Talbot Inc. v. Hawn,* 346 U.S. 406, 409–10, 74 S.Ct. 202, 205, 98 L.Ed. 143 (1963) (injury on navigable waters is a maritime tort to be governed by maritime law, not Pennsylvania law, because "a state may not deprive a person of any substantial admiralty rights as defined in controlling acts of Congress or by interpretive decisions of this Court."); *Milanovich v. Costa Crociere, S.p.A.,* 954 F.2d 763, 766 (D.C.Cir.1992) (a cruise ticket is a maritime contract and the law to be applied is general federal maritime law); *Wilkinson v. Carnival Cruise Lines, Inc.,* 920 F.2d 1560, 1654 n. 10 (11th Cir.1991) ("In maritime tort cases such as this one, in which injury occurs aboard a sailing ship upon navigable waters, federal maritime law governs the substantive legal issues."); *Hodes v. S.N.C. Achille Lauro Ed Altri–Gestione,* 858 F.2d 905, 909 (3d Cir.1988), *cert. dismissed,* 490 U.S. 1001, 109 S.Ct. 1633, 104 L.Ed.2d 149 (1989) (general maritime law decides issue of whether ticket conditions form part of a passenger's contract); *Siegelman v. Cunard White Star Line,* 221 F.2d 189, 194 (2d Cir. 1955) (approving *Scheibel* ); *Schenck v. Kloster Cruise, Ltd,* 800 F.Supp. 120, 122 (D.N.J.1992), *aff'd,* 993 F.2d 225 (3d Cir.1993) ("[I]t is well settled that the general mari-

time law of the United States, and not state law, controls the issue of whether a passenger is bound to terms set forth in a cruise ship's ticket and contract of passage."); *In re Air Disaster Near Honolulu, Hawaii on Feb. 24, 1989*, 792 F.Supp. 1541, 1544 (N.D.Cal.1990) ("General maritime law preempts state law, and must be applied even where, as here, plaintiffs choose not to invoke admiralty jurisdiction and rely instead on diversity jurisdiction and federal question jurisdiction."); *McQuillan v. Italia Societa per Azioni di Navigazioni*, 386 F.Supp. 462, 467 (S.D.N.Y.1974), *aff'd*, 516 F.2d 896 (2d Cir.1975) (time limit on claims governed by section 183b).

## III. APPLICATION OF LAW TO FACTS

█ The statute of limitations in the ticket is valid under federal maritime law which preempts Florida law. Defendant reasonably communicated the limitation to plaintiff. The ticket in the instant case alerts passengers to the restrictions on their rights in unambiguous language. Plaintiff was not misled; he retained counsel well within the one-year period. Counsel's first communication with defendant took place only five weeks after the injury allegedly occurred.

## IV. NEED TO RECONSIDER THE LAW

Although the cases treat this as an admiralty issue, it is, it can be argued, a consumer floating luxury hotel matter. These cruises are advertised and used by consumers buying floating accommodations. *See* Michael Skapinker, *A Market with the Wind in Its Sales*, Fin. Times Ltd., Feb. 20, 1993 at 14 ("Caribbean cruisers regard their ship as a floating hotel."); Sheila McGovern, *Cruise Craze: Riding Down the River*, Montr. Gazette, Aug. 17, 1992 at F8 ("Today's cruise ships are like floating hotels.").

Although admiralty jurisdiction historically comprehended all torts at sea, including those of injured passengers (*see* F.L. Wiswall, Jr., *The Development of Admiralty Jurisdiction and Practice Since 1800* 10 (1970)), maritime law was designed for people who are experts in the field in order to reduce hazards to entrepreneurs and, by limiting risks, to encourage shipping. *See generally*

Grant Gilmore and Charles L. Black, Jr., *The Law of Admiralty* § 1–5 (2d ed. 1975) ("Maritime law was secreted in the interstices of business practice. It arose and exists to deal with problems that call for legal solution, arising out of the conduct of the sea transport industry."). In view of the changes in the cruise industry, such an approach seems somewhat archaic. *See, e.g., Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, ——, 111 S.Ct. 1522, 1531, 113 L.Ed.2d 622 (1991) (Stevens, J., dissenting) (requirement that notice of claim be filed within an unreasonably short time is one of the many ways carriers' liabilities are limited putting "a thumb ... on the carrier's side of the scale of justice"). *See also* Edward A. Purcell, Jr., *Geography as a Litigation Weapon: Consumers, Forum–Selection Clauses and the Rehnquist Court*, 40 U.C.L.A.L.Rev. 423, 455 N. 125 (1992) (criticizing time limitation clauses in passenger cruise tickets as designed to give shipowners advantages over individual claimants, particularly those who lack resources and sophistication).

This industry now produces a mass consumer service utilized by millions of laypersons. Congress and the courts might well consider whether we should continue to apply arguably outmoded admiralty concepts in this field. *See* Patrick J. Borchers, *Forum Selection Agreements in the Federal Courts After Carnival Cruise: A Proposal for Congressional Reform*, 67 Wash.L.Rev. 55, 102 (1992) (including exception for consumer contract in proposed legislation to counteract the harsh effects of *Carnival Cruise*, which enforced the forum selection clause).

Having imposed the burden of a contract forum selection restriction on plaintiff, there is an argument in equity for reciprocating by applying the statute of limitations provision of the forum state. Alternatively, a uniform longer statute of limitations could be imposed by statute. The present statute of limitations is so short that an injured person might not have recovered, or discovered the full extent of his or her injuries, before being barred.

## V. CONCLUSION

Defendant's motion for summary judgment is granted. The suit is time-barred. The

action is dismissed without costs or disbursements.

SO ORDERED.