[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS OR FOR SUMMARYJUDGMENT, (NO. 103)
In this case the plaintiffs, Kevin A. Coles, his wife, and their two sons booked a seven day cruise aboard the M/V Ecstacy, CT Page 11091 a vessel owned and operated by the defendant, Carnival Cruise Lines, Inc. The defendant is a foreign corporation organized under the laws of Panama. Its principal place of business is in Miami, Florida, and there are offices in Port Canaveral, Florida; San Pedro, California; and San Juan, Puerto Rico. The cruise departed from Miami on December 22, 1991, and returned to Miami on December 29, 1991. According to the complaint, the cruise fell far short of the ship's appellation. The complaint dated December 19, 1994, alleged four counts: (1) breach of contract; (2) negligent failure to honor contracts; (3) negligent misrepresentation; and (4) a violation of Connecticut Unfair Trade Practices, General Statutes § 42-110 et seq.
On January 10, 1995, the defendant removed the matter to the Federal District Court for the District of Connecticut. On January 27, 1995, the defendant, pursuant to Fed. Rule 81(c), filed its Answer and Special Defenses on the issues of personal jurisdiction, venue and statute of limitation.
On April 3, 1995, upon the application of the plaintiffs, the case was remanded to the state court. Thereafter, the defendant filed a combined Motion to Dismiss and Motion for Summary Judgment claiming lack of personal jurisdiction, improper venue, and that the applicable statute of limitations bars the action. In support of the motion, the defendant submitted a memorandum of law and an affidavit of Silas Ruiz, the Associate General Counsel for the defendant.
The procedural posture of the case is somewhat uncertain as the case has been transferred from the United States District Court, District of Connecticut, and the file cannot presently be located. The court has received copies of the relevant pleadings. The parties also have filed respective memoranda as a supplement to the oral arguments heard on July 3, 1995.
A. Personal Jurisdiction
"[T]he rules of practice require the defendant to challenge [personal] jurisdiction by a motion to dismiss." Standard TallowCorp. v. Jowdy, 190 Conn. 48, 53, 459 A.2d 503 (1983). "A motion to dismiss is the proper vehicle to assert the court's lack of jurisdiction over the defendant." Simeone v. Federal Press Co.,40 Conn. Sup. 173, 174, 485 A.2d 587 (1984) (Higgins, J.). "All assertions of state-court jurisdiction must be evaluated to the standards set forth in International Shoe Co. v.CT Page 11092Washington, . . . and its progeny. . . . Those standards, as set out in International Shoe, require that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." (Citations omitted; emphasis in original; internal quotation marks omitted.). Standard Tallow Corp. v. Jowdy, 190 Conn. 48,51-52, 459 A.2d 503 (1983).
Both parties submitted evidence concerning the issue of personal jurisdiction. The court is bound by the holding inCarnival Cruise Lines, Inc. v. Shute, 499 U.S. 585,111 S.Ct. 1522 (1991), where Carnival Cruise Lines unsuccessfully challenged Washington's personal jurisdiction. The Supreme Court in that case found personal jurisdiction based on similar facts. The court reasoned that "`but for' petitioner's solicitation of business in Washington, respondents would not have taken the cruise . . ., the court concluded that petitioner had sufficient contacts with Washington to justify the District Court's exercise of personal jurisdiction." Id., 588. The plaintiffs allege numerous other activities within the state, but the court need not address the merits of the assertions. On the basis ofCarnival Cruise Lines, Inc. v. Shute, supra, 499 U.S. 588, the court finds that it has personal jurisdiction over the defendant.
B. Terms of the Contract
"[T]his is a case in admiralty and federal law governs the enforceability of the . . . clause(s) we scrutinize. Carnival v.Shute, supra, 499 U.S. 590. In order for the conditions in a passage contract to be incorporated into a contract, notice must be provided on the passage contract to "impress the imposition of the terms and conditions upon the passenger." (Citations omitted, internal quotation marks omitted.) Spataro v. Kloster Cruise,Ltd., 894 F.2d 44, 45-46 (2d Cir. 1990) (describing the inconspicuousness of the notice and conditions required to incorporate the conditions into the contract).
In the present case, the plaintiffs received their tickets before boarding the ship. Each ticket had the following notice on the front page:
THIS DOCUMENT IS A LEGALLY BINDING CONTRACT ISSUED BY CARRIER TO, AND ACCEPTED BY, PASSENGER SUBJECT TO THE IMPORTANT TERMS AND CONDITIONS CT Page 11093 APPEARING ON THIS PAGE AND THE FOLLOWING TWO PAGES.
On the lower left corner on the face of each of the three sheets that made up the passenger ticket contract, the following appeared:
SUBJECT TO CONDITIONS OF CONTRACT ON LAST PAGES
IMPORTANT! PLEASE READ CONTRACT ON LAST PAGES 1, 2, 3.
This is sufficient notice to incorporate the terms into the passage contract. See Carnival Cruise Lines, Inc. v. Shute,
supra, 499 U.S. 590 (incorporation of a condition in a contract for passage was not contested by plaintiff or court); Spataro v.Kloster Cruise, Ltd., supra, 894 F.2d 46.
The ticket explained the terms and conditions of the agreement in part as follows:
3(a) The acceptance of this ticket by the persons named hereon as passengers shall be deemed to be an acceptance and agreement by each of them of all of the terms and conditions of this Passage Contract Ticket.
7. The Carrier shall not be liable for any claims whatsoever of the passenger unless full particulars thereof in writing be given to the Carrier of their agents within 185 days after the passenger shall be landed from the Vessel or in the case the voyage is abandoned within 185 Days thereafter. Suit to recover any claim shall not be maintain able in any event unless commenced within one year after the date of the loss, injury or death.
8. It is agreed by and between the passenger and the carrier that all disputes and matters whatsoever arising under, in connection with or incident to this Contract shall be litigated, if at all, in and before a court located in the State of Florida, U.S.A., to the exclusion of the Courts of any other state or country.
1. Venue
"[T]he proper method to attack improper venue is the motion to dismiss." Galke v. Galke, 7 CLT No. 33 p. 9, 10 (Super.Ct., March 4, 1981) (Freedman, J.) The plaintiffs argue that any objection to venue was waived when the defendant filed CT Page 11094 an answer in the district court pursuant to Fed.R.Civ.P.81(c).
Federal Rules of Procedure Rule 81(c) provides that, in an action removed from state court, "the defendant shall answer or present the other defenses or obligations available under these rules within 20 days after the receipt through service or otherwise of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based." Carnival Cruise Lines merely complied with this rule by filing an answer in the federal court.
Two months later, the case was remanded to the state court. Connecticut's rules on challenging jurisdiction differ from the federal counterpart. The Practice Book provides that jurisdictional questions, except for subject matter jurisdiction, must be raised before an answer is filed and within thirty days of the filing of an appearance. See Practice Book § 142 and § 144. To rule that by complying with the federal rules of civil procedure while the case was in the federal court, the defendant waived its rights to pursue a motion to dismiss, would be unjust. The court will therefore address the motion to dismiss.
The venue clause in paragraph 8 of the passage contract provides that litigation resulting from the cruise must be brought in Florida. "[F]orum selection clauses contained in form passage contracts are subject to judicial scrutiny for fundamental fairness." Carnival Cruise Lines, Inc. v. Shute,
supra, 499 U.S. 595. The venue clause at issue in this case was ruled enforceable in Carnival Cruise Lines, Inc v. Shute. The Court held that the venue clause was reasonable for several reasons:
 First, a cruise line has a special interest in limiting the fora in which it potentially could be subject to suit. Because a cruise ship typically carries passengers from many locales, it is not unlikely that a mishap on a cruise could subject the cruise line to litigation in several different fora. . . . Additionally, a clause establishing ex ante the forum for dispute resolution has the salutary effect of dispelling any confusion about where suits arising from the contract must be brought and defended, sparing litigants the time and expense of pretrial motions to determine the correct forum and conserving judicial resources that otherwise would CT Page 11095 be devoted to deciding those motions. . . . Finally, it stands to reason that passengers who purchase tickets containing a forum clause like that at issue in this case benefit in the forum of reduced fares reflecting the savings that the cruise line enjoys by limiting the fora in which it may be sued. . . .
(Citations omitted.) Id., 593-94. This court is bound by that ruling and finds the venue clause enforceable against the plaintiffs for the reasons set out by the Supreme Court. Connecticut is not the proper venue for this action. It should have been brought in Florida. Accordingly, the motion to dismiss is granted.
2. Limitation of Actions
The defendant asserts that it is entitled to summary judgment on the ground that the statute of limitation period provided in the passage contract bars the present action. The court has found that Connecticut is an improper venue for the action, and that the action must be brought in Florida. Therefore, the court does not have jurisdiction to rule upon the motion for summary judgment.
C. Costs and Attorney's Fees
"[A] prevailing litigant ordinarily is not entitled to collect a reasonable attorney's fee from the opposing party as part of his or her damages or costs. . . ." (Citations omitted; internal quotation marks omitted.) Matyas v. Minck, 37 Conn. App. 321, 335, 655 A.2d 1155
(1995). The court does not find that the circumstances of this case justify an award of attorney's fees and costs.
GORMLEY, J.